### FULLER et al. v. MONTAGUE et al.

(Circuit Court, S. D. Tennessee, E. D. December 14, 1892.)

1. ACTION IN FORMA PAUPERIS—DISMISSAL—INSUFFICIENT OATH.
   Where a suit prosecuted in forma pauperis has been dismissed on demurrer to the bill, defendant cannot, pending an application for the allowance of an appeal, sustain a motion to dismiss the case because the oath for leave to prosecute in forma pauperis was defective both in form and substance.

2. SAME—APPEALS—APPEAL BOND.
   Act July 20, 1892, providing that any citizen entitled to bring any suit in the federal courts may "commence and prosecute to conclusion" such suit without prepaying fees or costs, or giving security therefor, embraces the right to appeal to the circuit court of appeals; and, when the proper oath has been filed, no appeal bond can be required.

In Equity. Bill by John P. Fuller and others, heirs at law of Simeon Fuller, Jr., against T. H. Montague and others to establish an interest in lands, and to have the same partitioned. The bill was heretofore dismissed on demurrer. See 53 Fed. Rep. 204, where a full statement of the case will be found. Plaintiffs having prayed an appeal to the circuit court of appeals, defendants now move to dismiss the case because the cause of action is frivolous, and because the oath in forma pauperis, under which they brought the suit, is insufficient. Motion denied, and appeal allowed on the filing of further affidavits.

Wells & Body, for complainants.

Wheeler & McDermott, Eakin & Dickey, W. G. M. Thomas, and W. H. De Witt, for defendants.

KEY, District Judge. In this case defendants move to dismiss the cause. (1) Because the alleged cause of action is frivolous, and, for the same reason, that the court refuse to allow complainants to further prosecute the suit, by appeal or otherwise, under the oath in forma pauperis. (2) Because the statement under oath, in writing, heretofore filed by complainants, is insufficient to support a right to sue or prosecute a suit as poor persons. Before this motion was made, complainants prayed an appeal to the circuit court of appeals from the decree rendered against them in this cause, dismissing their bill upon filing the oath prescribed for poor persons.

Although the oath under which the suit was instituted is not such, in substance or in form, as the statute requires, yet no objection was interposed upon that account until since the suit was dismissed upon the hearing of the demurrer filed therein. So that there is nothing in this court to dismiss, and this branch of the motion comes too late. Nor does the suit appear to be frivolous or malicious.

Acts Cong. July 20, 1892, c. 209, § 1, (page 252, U. S. St. 1891-92,) is as follows:

"That any citizen of the United States entitled to commence any suit or action in any court of the United States may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or giving security therefor, before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that because of his poverty he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action. Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees, or security for the costs, by filing a like affidavit."

He may commence his action and prosecute it to a conclusion by filing the affidavit required, or, if his suit or action has been commenced or is pending, he may avoid costs or security therefor by making the affidavit. The plaintiff can hardly be said "to prosecute his suit to a conclusion" unless he be allowed to take it by appeal to the court of appeals. I think a just interpretation of the terms of the act gives the right to the complainants to take their case to the circuit court of appeals upon their filing the affidavit required by the statute. Only such of the complainants as file the affidavit will be allowed to appeal under the provisions of the act. Another person cannot make the affidavit for him. The complainants having filed their petition for appeal, and along with it their assignment of errors, the appeal will be granted, upon the timely filing of the affidavits, or execution of the usual bond for costs.