[No. 6,518.—Department No. 2.]

## CHESTER v. BOWER.

EVIDENCE—PARTY IN INTEREST—PROOF OF RECORD—EXCLUSION OF WITNESSES.—A party in interest, though not a party of record, should be allowed to be present at the trial, and should therefore be excepted from an order excluding witnesses from the court-room during the trial.

ID.—DECLARATIONS—OBJECTIONS TO EVIDENCE.—It is not error for the Court to refuse to strike out evidence, some of which is admissible. The motion should be directed exclusively to the objectionable testimony.

ID.—MATERIALITY OF EVIDENCE.— Certain evidence, stated in the opinion, held to have been rightly excluded, as immaterial.

INSTRUCTIONS — EXCEPTION — SALE — CHANGE OF POSSESSION — FRAUD AS TO CREDITORS.—The instruction, appearing in the statement, was given by the Court. *Held*, that—in the absence of an exception—the instruction could not be reviewed; and *held further*, that the instruction did not appear to be erroneous or calculated to mislead the jury.

APPEAL from a judgment for the defendant, in the Sixteenth District Court, County of Kern. REED, J.

The judgment in the case of *L. Hirshfeld & Co.* v. *Wm. Glendenning*, (referred to in the opinion) was entered (as alleged in the answer) on May 21st, 1878, for the sum of $854.65, and costs amounting to $117.70. The property is described in the complaint as follows : " 2,638 sheep with an ear mark, a hole in each ear," and was delivered to the plaintiff under a writ of re-

plevin. The verdict was that, " the defendant is entitled to the return of the property described in the complaint, and that said property is of the value of $2,295 ;" and the judgment was that defendant recover "2,698 sheep, marked with an ear mark in each ear, and in case the return thereof be not made," then the value as found by the jury.

The instruction referred to in the opinion is as follows : " If the jury believe from the evidence that Glendenning sold the sheep in controversy on the 1st day of May, 1878, and that thereafter the same herders previously employed by Glendenning continued in the possession and charge of said sheep, and still remained in the possession and charge of the sheep at the time of the levy of the attachment, and that there had been no actual, absolute, and continued change of possession in regard to said sheep, you will find for the defendant."

The other facts are stated in the opinion.

*Geo. E. Otis*, and *Stetson & Houghton*, for Appellant.

The declarations of a vendor of personal property, made after the sale, are not admissible in evidence for the purpose of showing a fraudulent intent on his part, in making the sale. (*Hutchings* v. *Castle*, 48 Cal. 153 ; *Visher* v. *Webster*, 13 id. 58 ; *Cohn* v. *Mulford*, 15 id. 50 ; *Jones* v. *Morse*, 36 id. 205.)

The Court erred in not permitting us to show that the deed from the plaintiff was intended as a mortgage. The plaintiff having sworn that the land was his, and the deed having been admitted—over the objection of plaintiff—for the express purpose of discrediting the plaintiff, it was material in rebuttal to show that the plaintiff did not commit perjury in the case.

The eighth instruction asked for by defendant was calculated to mislead the jury. The judgment is for sixty sheep more than was claimed, or than was awarded by the jury. This was a clerical error, but we were entitled to have it corrected.

*B. Brundage*, and *R. E. Arick*, for Respondent.

MYRICK, J.:

This is an action to recover possession of 2,638 sheep and $500

damages. Defendant, Sheriff, justified under a writ of attachment issued in the case of *L. Hirshfeld & Co.* v. *Wm. Glendenning.* Glendenning had been the owner of the sheep, and the question in controversy was whether the sale of them by him to Chester had been, prior to the seizure under the attachment, accompanied with an actual and continued change of possession, and whether the sale was a *bona fide* transaction, or for the purpose of hindering, delaying, and defrauding creditors, and particularly Hirshfeld & Co. The jury rendered a verdict for defendant, and plaintiff appealed from the judgment rendered thereon.

After the jury had been impanneled, on plaintiff's motion, the Court made an order by which witnesses were excluded from the court-room; but H. Hirshfeld was excepted from the ruling by the Court, on the ground that he was a party in interest, though not a party of record. We see no error in permitting H. Hirshfeld to be present. Being a party in interest, he should have been allowed to be present and aid in or observe the progress of the trial.

H. Hirshfeld, examined as a witness for defendant, testified to conversations had by him with Glendenning, out of the hearing of plaintiff. It appears that these conversations were parts of talks that the witness had with the parties separately, he reporting to each what the other had said, except the last remark of Glendenning. Plaintiff moved to strike out these conversations with Glendenning, which was refused. We see no error in the ruling. The motion did not separately point to the last remark above referred to.

As a circumstance to show change of possession, plaintiff testified that the sheep were driven upon land owned by him. To rebut that evidence, defendant put in evidence a deed of the land from plaintiff to another. Plaintiff offered to prove by parole that the deed was in fact a mortgage. This evidence was ruled out. It was not material to the issue in this case whether the paper was a deed or a mortgage; the material question was, who was in the occupancy of the land?

For the purpose of impeaching the witness Glendenning, and as evidence in rebuttal, plaintiff offered to prove by one Jewett that Glendenning had said, in October, 1877, that he had sold a one-half interest in the sheep to plaintiff. It was an immate-

rial fact whether he said that or not, as plaintiff does not claim that he purchased from Glendenning in October ; nor does he claim a delivery of possession before the first of May, 1878.

Appellant, in his points on file, alleges as error the giving of the eighth instruction asked for by defendant. No exception to the giving of the instruction appears in the transcript. Even if there had been an exception, it does not appear to us to be an erroneous instruction, or one calculated to mislead the jury.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.