ANNA R. CHANDLER, INDIVIDUALLY AND AS EXECUTRIX, ETC., RESPONDENT, v. SARAH JANE AVERY, APPELLANT.

*A party to a civil action has an absolute right to be present at all times on the trial — Constitution, art. 1, sec. 17, and art. 1, sec. 6.*

Upon the trial of this action, brought to set aside a conveyance of real estate in the city of Buffalo, before a referee, the plaintiff's attorney asked to have the case adjourned to the house of the plaintiff to take his testimony, on account of his sickness, and that the defendant be excluded from attending the court during the taking of his testimony, on account of his nervous and enfeebled condition, and in support of his application read the affidavits of certain physicians who gave it as their opinion that it was not advisable for her to be present on account of his sensitive and nervous condition, regarding it as unsafe for him to be disturbed by any great mental agitation.

Against the objection of the defendant, who was present and insisted that she had an absolute right to be present at the examination, the referee ordered that an adjournment be taken to the house of the plaintiff for the purpose of taking his testimony ; that on such examination the only persons present be the attorneys for the parties, the physician and the witnesses ; that such examination be had in at least two sessions, in order that full power be given to the attorney for the defendant to be acquainted with the matter testified to, and to have an opportunity for cross-examination; to this ruling the defendant excepted.

The trial proceeded and the examination of the plaintiff was held at his house, in pursuance of the order of the referee, the defendant not being permitted to be present.

*Held,* that the defendant had an absolute constitutional right to be present at the examination, to hear and examine the testimony, to advise with her counsel as to the same and as to the conduct of the examination, and that the judgment should be reversed.

APPEAL from a judgment in favor of the plaintiff entered in Erie county upon the report of a referee.

*Clinton & Clark,* for the appellant.

*Charles B. Wheeler,* for the respondent.

HAIGHT, J. :

This action was brought by James Van Buren to set aside a conveyance of certain real estate in the city of Buffalo. He having died the action was revived and continued in the name of the plaintiff. Upon the trial the plaintiff's attorney asked to have the case adjourned to the house of Mr. Van Buren to take his testimony on account of his sickness, and that the defendant be excluded from

attending the hearing during the taking of his testimony on account of his nervous and enfeebled condition, and in support of his application read the affidavits of two physicians who gave it as their opinion that it was not advisable for her to be present on account of his sensitive and nervous condition, regarding it unsafe for him to be disturbed by any great mental agitation. The defendant being present insisted upon her right to be present at the examination of the plaintiff on the ground, first, that she has an absolute right to be present at all times upon the trial of the action; second, that upon the affidavits it does not appear that there is a good or sufficient reason for excluding her from the examination of the plaintiff; third, that if the plaintiff's condition is such as to make it dangerous to his health that the defendant should be present at the examination, it is the duty of the referee to postpone the examination until such time as he can be safely examined without the exclusion of the defendant, etc. The attorney for the plaintiff asked that his examination be proceeded with, whereupon the referee ordered that an adjournment be taken to the house of the plaintiff for the purpose of taking his testimony; that on such examination, the only persons present be the attorneys for the parties, the physician and the witness; that such examination be had in at least two sessions in order that full power be given to the attorney for the defendant to be acquainted with the matters testified to, and to have an opportunity for cross-examination. To this ruling the defendant then and there excepted, the trial proceeded and the examination of the plaintiff was held at his house in pursuance of the order of the referee and the defendant was not permitted to be present.

The question is thus presented as to whether or not the court or referee has the power to exclude a party from the trial of an action. By the ancient common law, according to the old Gothic constitution, every suitor was obliged to appear in person and prosecute or defend his suit. At an early day this requirement was modified by permitting attorneys or proctors to appear and manage the suitor's case for him. (3 Blackst., 25.) A party was thus given the right to the advice and assistance of counsel in the conduct of his trial, and in civil cases he could authorize the attorney to conduct and proceed with the trial in his absence, but we have been unable to find any modification of the ancient law excluding a party from the trial. The courts did have the

power where there was apprehension of collusion among witnesses to exclude from the trial room all the witnesses except the one under examination. But this power never extended to the exclusion of parties, their agents or attorneys, who were conducting the trial.

The Court of Exchequer in the case of *Constance* v. *Brain* (2 Jur. N. S., 1145), held that a judge at *nisi prius* has no right to exclude the parties to a cause from being present at the trial, although they are to be examined as witnesses.

In the case of *Selfe* v. *Isaacson* (1 Foster & Finlason, 194), Byles, J., held that the plaintiff had the right to be present during the trial and that he could not be excluded during the examination of other witnesses. (See, also, *Charnock* v. *Dewings*, 3 Car. & K., 378; Best on the Law of Evidence, § 636.) This right has been repeatedly recognized by the courts of this and other States of the Union.

*In the Matter of Nichols* (6 Abb. N. C., 474–484), Westbrook, J., in delivering the opinion of the court says the right to *hear* and examine the evidence by which it is attempted to be sustained, to produce testimony to show its falsity and the aid and advice of counsel in the conduct of the examination, seems to be so elementary in the minds of persons living under the common law that citations of authority to sustain it is unnecessary labor. (*Chester* v. *Bower*, 55 Cal., 46; *Ryan* v. *Couch*, 66 Ala., 244–248.)

Rapelye, in his recent work on The Law of Witnesses, at section 237, in speaking of the power to exclude witnesses from the court-room, says, that the rule does not apply to a party in interest though not of record, who is also a witness, or to an agent of the party whose presence was necessary to assist counsel.

The only statement to the contrary that I have been able to find appears in Taylor's Treatise on the Law of Evidence, at section 1400, wherein he states that the parties themselves will sometimes be included in the order to withdraw, as will also the prosecutor in criminal proceedings, if it be proposed to examine him as a witness, but the reviser, in his note to this section, calls attention to the authorities upon the subject, showing that the rule was not as stated in this regard. It consequently appears to us that at common law a party had the right to appear and defend in person, and with an attorney if he chose, and under section 17 of article 1 of our Con-

stitution the common law, except as changed or abrogated by the Constitution or acts of the legislature, is continued the law of this State. Again, section 6 of article 1 of the Constitution, among other things, provides that in any trial and in any court whatever, the party accused shall be allowed to appear and defend in person and with counsel *as in civil actions.* This provision pertains to criminal actions, but the words " as in civil actions " are significant, for they indicate what the rule was understood to be in civil cases.

In the case of *The People, ex rel. Garling* v. *Van Allen* (55 N. Y., 35–38), CHURCH, Ch. J., in commenting upon this provision of the Constitution, says: " The words ' as in civil actions' may be regarded as illustrative of the character of the right that it is absolute and unqualified." Under this view the Constitution and the common law are in harmony. Were it not so, and a party in a civil action could be excluded from the trial room on motion of his opponent, what would become of the provision of the Constitution referred to? " The person accused should be allowed to appear and defend in person and with counsel as in civil actions." If he could be excluded in civil actions from the trial, why not in criminal actions? Again, we regard the right of a party to be present at the trial as fundamental and one of substance. As we have seen, he has a right to hear and examine the testimony, to advise with his counsel as to the same and the conduct of the examination, and that it is not a mere error, in the admission or exclusion of evidence or ruling of the judge upon the trial not affecting substantial justice, which may in the discretion of the court be disregarded under section 1003 of the Code of Civil Procedure.

The exception was well taken and the judgment must, therefore, be reversed and a new trial ordered before another referee, with costs to abide event.

BARKER, P. J., and BRADLEY, J., concurred.

Judgment reversed and new trial granted, costs to abide event.