HEATON *v.* DENNIS.

(*Jackson.* April 15, 1899.)

1. CHAMPERTY. *Example of.*

A transaction is champertous whereby a person becomes surety for the contestants of a will on condition that he is to have an heir's part of the estate if the contest proves successful. (*Post, pp. 159, 160.*)

Code construed: §§ 3176–3777 (S.); §§ 2450, 2451 (M. & V.); §§ 1781, 1782 (T. & S.).

Cases cited and approved: Weedon *v.* Wallace, Meigs, 286; Dowell *v.* Dowell, 3 Head, 502; Hayney *v.* Coyne, 10 Heis., 340.

2. SAME. *Court dismisses on its own motion.*

Although no question of champerty was made in the lower Court, and none suggested by counsel in this Court, nevertheless, if the fact is made to appear, this Court will, of its own motion, refuse to proceed to a determination of the case and dismiss the suit. (*Post, p. 160.*)

Cases cited and approved: Webb *v.* Armstrong, 5 Hum., 379; Vincent *v.* Ashley, 5 Hum., 593; Saylor *v.* Stewart, 2 Heis., 510; Dowell *v.* Dowell, 3 Head, 502; Benton *v.* Henry, 2 Cold., 84; Hayney *v.* Coyne, 10 Heis., 340.

3. SAME. *Effect of repeal of champerty laws.*

This Court will not dismiss a case for champerty where no question, on that account, was made in the lower Court, and none in this Court until after the repeal of the champerty laws by Acts 1899, Ch. 173. (*Post, pp. 160, 161.*)

Act construed: Act 1899, Ch. 173.

4. WITNESS. *Not subject to rule.*

The proponent and chief beneficiary in a will cannot be placed under the rule excluding witnesses from the court room during a contest over the probate of the will. (*Post, pp. 161, 162.*)

Act construed: Act 1871, Ch. 107.

Code construed: §5599 (S ); §4566 (M. & V.).

Cases cited: Wisener *v.* Maupin, 2 Bax., 342; Lenoir Co. *v.* Smith, 100 Tenn., 127.

5. SAME.   *Same.*

A party who is wrongfully put under the rule excluding witnesses from the court room does not lose his right to object on appeal by obeying the rule, rather than remaining in the court room and taking an exception if his testimony is excluded on that ground.   (*Post, pp. 162, 163.*)

FROM   SHELBY.

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

GEO. B. PETERS, R. A. JORDAN, J. R. FLIPPIN and CARROLL & McKELLAR for Heaton.

B. M. JACKSON and THOS. H. JACKSON for Dennis.

WILKES, J.   This case involves the validity of the will of Mrs. Anna Heaton.   Mrs. Heaton was the widow of Ben Bingham, who left all his property to her by a holographic will.   The value of the estate at the time of her death was about $26,000.   Mr. and Mrs. Bingham had lived together as man and wife a long number of years, but had no children.   He died July 18, 1897, and the will now in controversy was executed

January 18, 1898. The will appears from the attesting clause to have been witnessed January 28, but the weight of the evidence is that the true date is January 18, the same day it was executed. It appears to have been written by R. A. Jordan, an attorney, and was witnessed by him and J. H. Shepherd, a friend of the testatrix whom she went out after and brought to Jordan's office for that purpose. It contains some fourteen clauses, by which she gave legacies of small amounts ranging from $100 to $500 to her brothers and sisters and other relatives, also to Mrs. Georgia Bishop and Mrs. Mamie Jones, her nieces, two double tenement houses in Memphis valued at about $2,000 each. This appropriated something like one-fourth or one-fifth of her estate.

The thirteenth item is made a residuary clause, and is in substance that if she marry again she gives to her husband in fee her residence, property, jewelry, homestead, and personal effects, moneys, bonds, stocks, and such choses in action as she might die possessed of, and says "in the event of his death, or I should not marry or survive my husband, or husbands, then all my remaining property shall go to the Leath Orphan Asylum."

About the time this will was executed she became engaged to be married to H. F. Heaton, and the marriage was consummated March 19, 1898, or about eight months after the death of

her former husband, and Mrs. Heaton died eight days after her second marriage.

Jno. T. Moss, an attorney, had previously drawn a will for her after her first husband's death, and this was destroyed when the will in controversy was written, but Moss was named as executor of the controverted will. He declined to qualify. It was probated in common form by Heaton, who became by the marriage the principal beneficiary, and subsequently an issue of *devisavit vel non* was made up, certified to the Circuit Court, and there tried before the Court and a jury, and there was a verdict and judgment against the will, and the proponent and Leath Orphan Asylum have appealed and assigned errors.

The first error assigned by the proponent, Heaton, is that the trial Judge delivered a statement, or lecture, to the jury after it was sworn, but before any evidence was introduced, which was calculated, though it may not have been so intended, to deprive the jury of its proper functions on the trial, and to make it yield to the suggestions of the Court for fear of a discharge, and was also calculated to lessen the independence of the jury and to make it subservient to the wishes of the trial Judge.

We have examined the matter complained of, as well as remarks and actions of the trial Judge made during the progress of the trial, in the

light of the twenty-four specific exceptions which are taken to them.

We think that it would have been more appropriate to deliver a general lecture to the jury upon its duties and functions when there was no case on trial, and when the jury were not impaneled to hear any particular case. There is in the instructions given some wholesome and proper advice and admonition, but there is much, both in the general instructions given before the trial was begun and in remarks made during the progress of the trial, which this Court not only cannot approve, but must characterize as improper, and such as ought not to have been said. It was, we think, calculated to have a prejudicial effect on the jury, though not so intended, and its tendency was to repress the proper exercise of their functions as jurors. Without dwelling on this feature of the case, it is assigned as error that the Court should have dismissed the suit as champertous.

It appears that the contestants engaged one Brown Bingham to go upon their prosecution bond on condition that he should have an heir's part of the estate. Upon this agreement he executed the bond, and was afterward active in aiding to get up and prepare the case, talking to witnesses, etc.

This is clearly a champertous agreement under the statutes as laid down in Shannon's Code,

Secs. 3176–3177 (*Weedon* v. *Wallace,* Meigs, 286, 289; *Dowell* v. *Dowell,* 3 Head, 502; *Hayney* v. *Coyne,* 10 Heis., 340), although made with a person who was not an attorney, but an outsider.

It is said, however, that no objection was made in the Court below, and that there was no motion to dismiss the suit because of the 'champerty developed in the proof. Under the rulings of this Court, whenever the fact of champerty appears, the Court will, even of its own motion, refuse to proceed to the determination of the case, and dismiss the suit, and even if the Court below fail to do so, this Court will, on the facts being made known or made to appear, dismiss the suit. *Webb* v. *Armstrong,* 5 Hum., 379; *Vincent* v. *Ashley,* 5 Hum., 593; *Saylor* v. *Stewart,* 2 Heis., 510; *Dowell* v. *Dowell,* 3 Head, 502; *Benton* v. *Henry,* 2 Cold., 84; *Hayney* v. *Coyne,* 10 Heis., 340.

If there were nothing more in the case, therefore, the suit would be by this Court dismissed on account of champerty.

It appears, however, that the action of this Court was only invoked on this question of champerty when it was heard in this Court on April 17, 1899. Prior to that date, and on April 7, 1899, the General Assembly of Tennessee passed an Act, to take effect at once, repealing the champerty laws enacted in the sections referred to, and the champerty laws were not in force

when the objection on account of champerty was first presented in this] Court. So that an objection on this ground could not properly be taken in this Court. The State having changed its policy upon this subject, this Court could not of its own motion, or on motion of counsel, now apply a law which was repealed when it was invoked, and this assignment is not well made.

The next assignment of error is that H. F. Heaton, the principal beneficiary under this will, and its proponent, was excluded from the Court room during the examination of witnesses for the contestants, and over his counsel's protest.

It was held in the case of *Wisener* v. *Maupin,* 2 Bax., 342, that a party could be placed under the rule and excluded from the Court room during the trial of a case. But this was immediately thereafter changed by the Act of 1871, Ch. 107, embodied in Shannon's compilation as Sec. 5599, so as to permit parties to be present during the trial.

Heaton was a party of record and in interest, he was proponent of the will, he was the principal beneficiary, he had been the husband of the testatrix, and was more than anyone familiar with the facts, and it was his right to be present and aid and instruct counsel in the conduct of the case. *Lenoir Co.* v. *Smith,* 16 Pickle, 127. To. the same effect and in accord, see 1 Thompson on Trials, Sec. 279; *Ryan* v. *Couch,*

66 Ala., 248; *French* v. *Sale*, 63 Miss., 391; *Chester* v. *Bower*, 55 Cal., 46.

It is said that if even this be so, the appellant cannot avail himself of it now, inasmuch as he left the Court room at the order of the trial Judge, and the contention is that he should have remained in Court and offered himself as a witness, notwithstanding he had been present; and if rejected he should then have excepted. No doubt this was correct practice as held in 16 Pickle, 127. But we fail to see why the question may not also be raised in the manner in which it was.

The witness made his claim, it was overruled by the Court; his testimony was important, and he adopted the plan to present it, and insure its introduction rather than risk its rejection, and we think the question can be raised in this manner. It is said, however, that Heaton cannot be considered a party in the sense in which the term is used in the statute, the probate of a will being a proceeding *in rem,* and there being no parties in the strict sense of the word. This contention, we think, is not sound.

The proponent of the will, and its principal beneficiary, must, from any standpoint, be treated as a party in interest as he is of record, and the reason of this exemption of a party from being put under the rule, being that he may aid in the conduct of the case, it is important that

he should be allowed to remain with his counsel. In this case, moreover, he cannot be said to be a witness in chief, as he did not testify to the execution of the will, but did testify only in rebuttal of matters brought out by the contestants, and rebuttal witnesses are not required to go under the rule.

For the errors indicated we reverse the judgment of the Court below, and remand the cause for a new trial without passing on the merits in any way. The appellee will pay the costs of appeal.