Mrs. Rosina Staub *v.* Sewanee Coal, Coke & Land Co.

(*Nashville.* December Term, 1917.)

1. **CHAMPERTY AND MAINTENANCE.** Dismissal of action.

At common law, if a suit was founded upon a champertous contract, such suit would be dismissed upon the champerty appearing, but a suit would not be dismissed merely because there was a champertous contract with relation to its prosecution between the plaintiff and his attorney, or between the plaintiff and another layman. (*Post, p.* 509.)

Acts cited and construed: Acts 1899, ch. 173.

Cases cited and approved: Heaton v. Dennis, 103 Tenn., 155; Robertson v. Cayard, 111 Tenn., 356.

Code cited and construed: Secs. 3171-3184; 1781-1789 (S.).

2. **CHAMPERTY AND MAINTENANCE.** Dismissal of suit.

Since the passage of Acts 1899, chapter 173, a suit will not be dismissed by reason of a champertous contract between the plaintiff and his attorney or a third person. (*Post, p.* 509.)

3. **EJECTMENT.** Measure of damages.

In an ejectment suit, where there was a real contest as to title to coal lands, but defendant continued to mine coal in disregard of an injunction, complainant was properly allowed to recover the value of the coal at the tipple, less the cost of mining. (*Post, pp.* 510-512.)

Cases cited and approved: Dougherty v. Chesnutt, 86 Tenn., 1; Coal Creek, etc., Co. v. Moses, 83 Tenn., 300; Ross v. Scott & Russell, 83 Tenn., 479.

4. **EJECTMENT.** Improvements. Right to allowance for.

In ejectment, where plaintiff prevailed defendant was not entitled to credit by way of improvements for a railroad track built on a right of way previously donated by plaintiff to a railroad; such right of way not being plaintiff's property. (*Post, p.* 512.)

5. **APPEAL AND ERROR.** Law of the case.

Questions determined on appeal are res adjudicata on a subsequent appeal. (*Post, p.* 512.)

FROM GRUNDY.

Appeal from the Chancery Court of Grundy County. —Hon. V. C. Allen, Chancellor.

Moore & Darwin and C. H. Garner, for Sewanee Coal, Coke & Land Co.

Sizer, Chambliss & Chambliss and Jeff D. Fults, for Staub.

Mr. Justice Green delivered the opinion of the Court.

This was an ejectment suit, brought by the complainant to recover a tract of land in Grundy county. There was a decree in her favor, which was affirmed by this court, at a former term. It appeared that the defendant had mined certain coal from the land recovered, prior to and pending the litigation, and the case was remanded by this court to the chancery court for a reference as to the complainant's damage.

The reference was had, and further proof taken. Upon the coming in of the master's report, and the hearing of certain exceptions thereto, the chancellor fixed complainant's damage at $4,723.21. Both sides have appealed from this decree.

The principal defense urged upon us is that of champerty. The defendant insists that the proof taken on the reference disclosed that prior to the original bill herein, Mrs. Staub had leased the land recovered to the Thomas Coal & Land Company. It is said that the defendant was in possession of this land at the time of the lease. Further, it is urged that under the terms of the contract between Mrs. Staub and the Thomas Coal & Land Company, that company undertook to prosecute suits in the name of Mrs. Staub for the ejection of all trespassers upon the property, and the recovery of said property from said trespassers, and for the recovery of any improvements put upon said property by said trespassers. It is said that this particular suit is prosecuted by virtue of this agreement, and that said suit is accordingly champertous and should be dismissed.

These contentions of the defendant with reference to the nature of the contract between Mrs. Staub and the Thomas Coal & Land Company are denied by her counsel, but, for the purposes of this case, we may concede that they are true.

The legislature undertook to embody the law of champerty and maintenance in an act which it passed in 1821, the same being chapter 66 of the acts of that session. This act was carried into the Code at sections 1776–1789 (Shannon's Code, sections 3171–3184).

By chapter 173 of the Acts of 1899, sections 1781–1789 of the Code, inclusive, and sections 3176--

3184 of Shannon's Code, inclusive, were repealed. That left in force only that portion of our champerty laws which relates to the effect of a conveyance of land adversely held.

These sections of the law relating to lands adversely held have no application in this case now. The land sued for has been decreed to Mrs. Staub, and possession thereof has been surrendered to her. No question of champerty was made in the former trial of this case, either in this court or in the court below, and it is now, of course, too late to raise it, so far as the land is concerned.

It is, however, said that champerty is a defense of which the court will take notice at any stage of the proceedings, and that the champertous agreement had with reference to this suit between Mrs. Staub and the Thomas Coal & Land Company should work its dismissal, and prevent any further progress herein, and any recovery of damages.

This objection no doubt would have been good prior to chapter 173 of the Acts of 1899. Sections 3176–3178 of Shannon's Code made it unlawful to enter into any understanding or agreement with any practicing attorney or other person to divide or apportion the proceeds of any litigation, and made it the duty of the court to dismiss such a suit when any such agreement was shown to exist therein.

But, as stated, this much of the law with reference to champerty and maintenance has been repealed. It has been a matter of discussion as to whether the

repeal of this portion of the act of 1821 indicates an entire change of policy on the part of Tennessee with reference to the champerty laws, or whether such repeal merely serves to reinstate the common law on the subject. This controversy was noted in two comparatively recent cases, but not determined. Such a decision was not necessary in either case. *Heaton* v. *Dennis,* 103 Tenn., 155, 52 S. W., 175; *Robertson* v. *Cayard,* 111 Tenn., 356, 77 S. W., 1056.

At common law, if a suit is founded upon a champertous contract, such suit will be dismissed upon the champerty appearing. On the contrary, a suit will not be dismissed merely because there is a champertous contract with relation to its prosecution between the plaintiff and his attorney, or between the plaintiff and another layman. It is said that such a collateral contract, although it be illegal as between the parties thereto, in no wise affects the obligation of the defendant to the plaintiff.

This court so declared the law in *Robertson* v. *Cayard,* supra, and said that the former decisions of this court, dismissing suits in which a champertous agreement between plaintiff and his attorney, or between plaintiff and another had been shown, were based altogether upon the statute (section 3178 of Shannon's Code). Since the repeal of such statute, the court held that proof of a champertous contract between a client and his solicitor did not destroy the right of the former to prosecute the original cause of action.

Many authorities were reviewed by the court in *Robertson* v. *Cayard,* supra, and a further discussion is not necessary here. It is said in Corpus Juris that, except in one state, the rule is as announced by this court in *Robertson* v. *Cayard,* 11 C. J., 27.

In *Heaton* v. *Dennis,* supra, which was a will contest, it developed that the contestants entered into a contract with a third person, by which he was to go upon their prosecution bond, on condition that he should have an heir's part of the estate. This was made to appear to this court, and the court held that formerly a dismissal of the suit would have been ordered, but that the rule was changed by the act of 1899. The case was reversed for errors in the charge, but remanded for prosecution and further proceedings.

So, under these authorities, it follows that no matter how champertous the contract between Mrs. Staub and the Thomas Coal & Land Company, this suit may nevertheless be prosecuted, since the act of 1899.

It is assigned for error that the damages below were fixed upon a wrong basis of account, and that the decree of the chancellor should be modified for this reason.

The complainant was allowed to recover the value of the coal at the tipple, less the cost of mining. This was the rule of damages administered in *Dougherty* v. *Chesnutt,* 86 Tenn., 1, 5 S. W., 444.

Both parties object to this. The complainant insists that the harsh rule should have been applied, and defendant insists that the damages should have been assessed according to the mild rule. We are of the opinion that the proper rule was adopted.

The complainant relies on *Coal Creek, etc., Co.* v. *Moses,* 83 Tenn. (15 Lea), 300, 5 Am. Rep., 415, *Ross* v. *Scott & Russell,* 83 Tenn. (15 Lea), 479, in each of which cases there was a *bona-fide* contest between litigants over the title and possession of land. Minerals were removed pending the litigation, and upon complainant's recovery, the mild rule of damages was administered. That is to say, the defendant was only held liable for the value of the coal in *situ.*

In both these cases, however, while injunctions had been issued restraining the defendants from further prosecution of mining operations, such injunctions were dissolved, apparently by consent, and bonds given by the defendants in lieu. In the case before us, there was an injunction against the defendants, which was never dissolved, and the mining operations of defendant were conducted in disregard of this injunction. To hold defendant only liable, therefore, for the value of the coal in *situ,* or its royalty value, would be to give it the profit of the unlawful operations. We think that no profit can be allowed to any one who prosecutes a business in violation of an injunction.

On the other hand, inasmuch as this was a real ejectment suit, and there was a real contest as to

the title to this land, we are not inclined to apply the harsh rule. The defendant is sufficiently punished for its violation of the injunction by the deprivation of all profits from its operations.

We think that the defendant is not entitled to any credit by way of improvements for the railroad track. As we understand the record, the right of way through the land was donated to the railroad company by Mrs. Staub, and the track was built jointly by the railroad company and defendant. Although the railroad line is an advantage to Mrs. Staub's property, still it was not built on her land, but on land which she had conveyed away, and she does not recover it in this suit. Therefore it is not an improvement placed on her property by the unsuccessful defendant in good faith, and it is not entitled to any credit for the same. As to the value of the other improvements, we accept the concurrent finding of the master and the chancellor.

We think that there is evidence to sustain the concurrent finding of the master and chancellor as to the quantity and value of the coal taken out by this defendant. This evidence is far from fanciful, and is not subject to criticism it has sustained from defendant's counsel, and we must therefore accept this concurrent finding.

Other questions which are sought to be raised were determined on the former hearing in this court, and are *res adjudicata.*

There is no error in the chancellor's decree, and the same is affirmed, with costs.