# PETRONA SORIANO ET AL.

*v.*

# ESTEBAN ARRESE.

_____

SUIT IN FORMA PAUPERIS.

1. An affidavit supporting a motion to be allowed to sue without prepayment of costs or giving security therefor, in addition to stating that plaintiffs are unable to pay the costs, and that they believe they are entitled to the relief asked, must set forth briefly the nature of the alleged cause of action, and also state the citizenship of the parties.
2. The United States statute providing for suits *in forma pauperis* in terms limits the right to citizens of the United States; but in this jurisdiction it should be construed to also embrace citizens of Porto Rico.

March 31, 1903.

_____

*Mr. R. Guillermety* for plaintiffs.

*Messrs. Dexter & Hord* for defendant.

HOLT, Judge, delivered the following opinion:

The plaintiffs move for an order allowing them to prosecute this action without being required to prepay costs or give security therefor. They have filed their affidavits stating that because of their poverty they are unable to pay the costs of the action which they have this day commenced by the filing of their declaration, or give security for the fees, and that they believe they are entitled to the redress stated. The affidavit

Soriano v. Arrese.

fails to set forth to any extent the nature of the alleged cause of action. Its character is, however, shown by the declaration; but it is not verified.

The United States statute provides that any citizen of the United States entitled to commence any action in any United States court may do so without being required to prepay the fees or costs, or give security therefor before or after bringing the action, upon the filing of an affidavit that, because of his poverty, he is unable to do so; also that he believes he is entitled to the relief sought in the action, and stating briefly the nature of his alleged cause of action. 2 Desty, Fed. Proc. § 335; 27 Stat. at L. 252, chap. 209 (U. S. Comp. Stat. 1901, p. 706); Boyle v. Great Northern R. Co. 63 Fed. 539.

The motion in this case cannot be sustained because of the failure of the affidavit to show briefly the nature of the alleged cause of action, and because it fails to state the citizenship of the plaintiffs. While the statute in terms limits the right to a citizen of the United States, the court is of the opinion that a proper construction of the statute, in applying it to this court, should embrace persons who are citizens of Porto Rico. It is the duty of every person having sufficient means, to provide for the expenses of his litigation; but if by reason of his poverty he is unable to do so, it is entirely proper that he should still be allowed to sue. The statute was, of course, enacted with such view. Unless this construction be given to it, a poor person who is a citizen of Porto Rico, however worthy might be his cause of action, would be unable to sue in this court; and in my opinion the citizens of Porto Rico occupy such a position toward the United States that the statute should be construed to embrace them.

This application for leave to sue *in forma pauperis* is, however, denied for the present; but leave is given to renew it by a further showing, if desired.