## THE OUR FRIEND.

### THE MAJESTIC.

(District Court, E. D. Pennsylvania. August 1, 1904.)

No. 134.

1. ADMIRALTY—COLLISION—LIBEL IN FORMA PAUPERIS.

Where libelant, in a proceeding in admiralty for collision resulting in the loss of libelant's sloop, tackle, apparel, and furniture, alleged that by reason of his poverty he was unable to defray the expense of litigation, and prayed that process might issue and be served in forma pauperis, as authorized by Act Cong. July 20, 1892, c. 209, § 1, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], and there was no proof that libelant's sworn statement as to his poverty was false, the fact that he purchased the sloop for $500 was insufficient to establish that he possessed property at the time the suit was instituted, or had acquired any since that time, justifying the court in requiring him to give security for costs.

In Admiralty.

Joseph Hill Brinton, for libelant.
Willard M. Harris, for respondent.

HOLLAND, District Judge. This is a petition to compel the owner of the libelant sloop to enter security for costs. It appears that on or about the 30th day of May, 1904, the tug Majestic collided with libelant's sloop, as a result of which the sloop was totally wrecked, and her tackle, apparel, and furniture, together with the provisions and other articles aboard, were destroyed, the total value of which is claimed to be $600. The libelant, in his libel, alleges that, by reason of his poverty, he is unable to defray the expense of litigation, and prays that process may issue and be served in forma pauperis, in accordance with the provisions of the act of Congress of July 20, 1892, c. 209, § 1, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706]. The petition filed by respondent, requesting that the libelant be required to enter security, avers that the libelant paid $500 for the sloop, for the destruction of which he seeks to recover in this suit, and that he was engaged in the

fishing business, showing conclusively that he had not brought himself within the exceptions in favor of poor seamen. The answer to this petition denies that the libelant has any other property other than the sloop that is alleged to have been wrecked, and is therefore unable to give security for costs. There are no depositions taken by the petitioner to show that the libelant made a false statement in his libel when he swore that, by reason of poverty, he was unable to defray the expense of litigation. The fact that the libelant purchased a sloop for $500 is no evidence that he was possessed of property at the institution of the suit, or has acquired any since that time, enabling him to give security in this case. There is nothing to show that he has any property outside of what he had invested in his catboat, and this, he alleges, is a total loss, by reason of the collision. It may be that the admiralty court can require a libelant to enter security in a case under this act, where the libelant, who by reason of his poverty was unable to pay costs and enter security at the time the suit was instituted and the writ issued, has become possessed of property subsequently and before the termination of the suit; but where a litigant brings an action in forma pauperis under this act, and at the time of the institution of the suit he has sufficient property to pay costs and enter security, and that afterwards is made to appear to the satisfaction of the court, the proper proceeding is, we think, under the fourth section of this act, to dismiss such cause, where it is made to appear that the allegation of poverty is untrue, or if the court is satisfied that the alleged cause of action is frivolous or malicious.

As there is no evidence here to sustain an allegation that the libelant has subsequently to the bringing of the suit become possessed of sufficient property to enable him to pay the costs or enter security for the same, the petition is dismissed.