## DONOVAN v. SALEM & P. NAV. CO.

(District Court, E. D. Pennsylvania.   December 20, 1904.)

No. 56.

1. ADMIRALTY—SUIT IN FORMA PAUPERIS—SHOWING REQUIRED.

A showing to obtain leave to maintain a suit in admiralty in forma' pauperis, although made in conformity to rules of the court long in force, must also conform to the requirements of Act July 20, 1892, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706]; but when process has issued without such. showing, and a motion has been made to require security for costs, li-- belant may be permitted to supply the omission, as contemplated by sec-- tion 2 of the act.

In Admiralty.   On motion for order on libelant to enter security for costs.

Willard M. Harris, for libelant.

J. Warren Coulston and Adolph Scherve, for respondent.

J. B. McPHERSON, District Judge.   On August 26, 1904, the libelant filed a libel in personam, averring that he was employed by the respondent to command a steamboat, that the tender of his. services as such master was afterwards refused, and that he had: suffered certain damage by this breach of contract.   The libel also· contained the averment "that the libelant, by reason of poverty, is. unable to defray the expenses of litigation, and prays that process. may issue and be served in forma pauperis."   His proctor also cer-- tified "that in my opinion there is reasonable cause for suit."   Pro-- cess was accordingly issued in forma pauperis, and the suit has. proceeded so far that the libelant has finished taking his testimony.. The respondent now comes forward with a motion that the libelant be directed to deposit the estimated costs of the cause or give se-- curity therefor, the motion being based upon the papers on record,. and upon the facts disclosed by the depositions; these depositions disproving (so it is said) the averment of poverty contained in the· libel, and showing, moreover, that the libelant·is not the only per-- son interested in the result of the litigation.

There are some differences in scope between admiralty rules 4 and' 5 of this district and the act of July 20, 1892, 27 Stat. 252,`2 Supp.. Rev. St. 41 [U. S. Comp. St. 1901, p. 706], as will appear by com-- paring the statute and the rules.   The latter are as follows:

"4. No process shall issue in a plenary proceeding until the estimated' costs of the cause shall have been deposited or secured by the libelant, except· in a case of seamen's wages, unless by the special order of the court.

"5. But if it shall appear that a party seeking redress is unable by. reason of poverty to defray the expenses of litigation, a proctor will be assigned.

him by the court, and on demand of such proctor, and his certificate that there is reasonable cause for suit, process shall issue and be served in forma pauperis."

These rules have been in force for many years in this district, and the libel now under consideration was evidently drawn with exclusive reference to them, and without regard to the statute, whose provisions, as I have already stated, are not identical. The act is in these words:

"Be it enacted, &c., that any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action.

"Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section, shall be punishable as perjury is in other cases.

"Sec. 3. That the officers of court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

"Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

"Sec. 5. That judgment may be rendered for costs at the conclusion of the suit as in other cases.

"Provided, that the United States shall not be liable for any of the costs thus incurred."

So far as the act differs from the rules, the former must prevail, and the consequence is that the libelant did not bring himself within the protection of the statute. He did not aver that he is a citizen of the United States—what privilege of suing in forma pauperis an alien may have is a matter for future consideration—and he did not make affidavit that he is unable to give security for the costs, or that he believes he is entitled to the redress he seeks. These are statutory requirements that are not to be evaded, and they should appear, in all such cases, either by a separate affidavit or by appropriate averments in the libel, before process is issued. But the second section of the statute seems to contemplate that during the progress of the trial the respondent may see cause to demand fees or security for costs, although the suit may have been begun without deposit or bond, and it therefore provides that "the plaintiff may answer and avoid" such demand "by filing a like affidavit." Under this section, therefore, the libelant is entitled to an opportunity to answer the pending motion, and an appropriate order must be made for that purpose. The court will then be in a position to determine, from all the evidence in the case, whether the libel should be dismissed under the provisions of section 4—to which

Judge Holland referred in Our Friend v. Majestic (D. C.) 131 Fed. 395—or should go on without deposit or security to the final hearing. In this connection I may, perhaps, say that it may be worth while to inquire hereafter, as bearing upon the truthfulness of the libelant's averment that poverty prevents the entry of security (if such an averment shall be made), whether any other person has a possible interest in the recovery, and may, therefore, be properly required to come to the libelant's assistance in this respect. Boyle v. Great Northern Railway (C. C.) 63 Fed. 539.

The libelant is hereby granted leave to file a sworn answer to the pending motion within 10 days; proceedings to stay meanwhile.