BOYLE v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, D. Washington, E. D. September 17, 1894.)

SECURITY FOR COSTS — AFFIDAVIT FOR LEAVE TO PROSECUTE IN FORMA PAUPERIS—SUFFICIENCY.

> 27 Stat. 252, c. 209, provides that any citizen entitled to commence any action in any United States court who is unable to prepay fees or give security for costs may have process, and all rights of other litigants, and counsel, free of charge, by making a sworn statement in writing showing such facts. *Held*, that such sworn statement must show that plaintiff is a citizen, and that there is no person interested who is able to pay or secure the costs.

At Law. Action to recover damages for a personal injury caused by negligence. Heard on motion to require plaintiff to give security for costs, and counter motion by the plaintiff for leave to prosecute this action in forma pauperis.

W. H. Plummer, for plaintiff.
Jay H. Adams, for defendants.

HANFORD, District Judge (orally). By an act of congress approved July 20, 1892, any citizen of the United States entitled to commence any suit or action in any court of the United States who is unable, by reason of poverty, to prepay fees or give security for costs, may have process and all the rights of other litigants, and may have counsel assigned to represent him, free of charge, by making a sworn statement in writing showing the above facts, and that he believes himself to be entitled to redress by such suit or action. 27 Stat. 252, c. 209. I consider the affidavit upon which the plaintiff asks for leave to prosecute this action as a poor person insufficient, for two reasons: First, it does not show that the plaintiff is a citizen of the United States; and, secondly, it does not controvert the defendants' charge that plaintiff's attorneys have undertaken to conduct the case for a contingent fee. There is no question but what a poor person can prosecute his cause and obtain a full hearing, but at the same time litigation is not to be fostered and encouraged by allowing the plaintiff to evade any expense which he makes. That is a duty of any party having sufficient means, and is not to be evaded. If he is not able to pay costs or give security for them, he can have justice without it. But a person who acquires by contract an interest in any litigation, and a right to share in the fruits of a recovery, and who is not entitled to sue in forma pauperis, cannot be permitted, under cover of the name of a party who is a poor person, to use judicial process and litigate at the expense of other people. I think it does make a difference whether the plaintiff has made a contract with his counsel for their compensation. It makes this difference: that, after a contract has been made with counsel for a pecuniary interest in a lawsuit, the case is carried on partially for their benefit; and, if they are able to pay the expenses of the litigation, it is

unjust for the court to allow the litigation to go on for their benefit without expense, on the pretense that the plaintiff is unable to pay. I shall require a showing that the plaintiff is unable to pay or secure the costs, and that there is no person interested, by contract or otherwise, in the cause of action, or entitled to share in the recovery, who is able to pay or secure the costs. I think that such a rule is in keeping with the meaning and spirit of this law, and it is founded in reason. I have had lawsuits tried before me in this court room, to recover damages against railroad corporations, resulting in nonsuits, which were conducted by attorneys who took up the causes after other attorneys here in Spokane, finding the facts insufficient to constitute a cause of action, had refused to appear for the plaintiffs. Such cases make expense, and are burdensome to the people, and there is no motive for bringing them except the hope that, by harassing the railroads, they will be compelled to compromise. That class of litigation must be discouraged. There must be some check to it. The plaintiff ought to be subjected to pay at least the costs of the litigation. If he is not able to pay a lawyer to carry it on for him, and contracts to divide with his attorney, I think the attorney should be made to pay. This much of a check on litigation undertaken for contingent fees is reasonable and right. The order I make is that the plaintiff, within 10 days, file security for costs, or show cause for not doing so; and, until security is given or cause shown, further proceedings in this cause will be stayed. Application for leave to sue in forma pauperis is denied, with leave to renew upon making a further showing.