## CLAY v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Sixth Circuit.    October 4, 1898.)

### No. 608.

COSTS—SHOWING OF POVERTY—PLAINTIFF SUING IN REPRESENTATIVE CAPACITY.
    The payment of the ordinary costs of proceedings in error in the circuit
    court of appeals cannot be dispensed with on a showing merely that the
    plaintiff in error, who is suing in a representative capacity, has no funds
    in such capacity, but it must also appear that the beneficiaries in whose
    interest the suit is maintained are unable to pay the required costs.

In Error to the Circuit Court of the United States for the Eastern
District of Tennessee.

This cause comes on to be heard upon a petition by the plaintiff in error
of the tenor following: "Your petitioner, plaintiff in error in the above cause,
respectfully shows that this suit was brought originally in the law court at
Johnson City, Tenn., and was, on petition of the defendant, removed to the
United States circuit court at Knoxville, Tenn. It is an action for damages
for personal injuries resulting in death.   Plaintiff's intestate left surviving
her a father, brother, and sister. While the suit was pending, the father
died.   The trial judge held, upon the hearing of the cause, that the suit
abated with his death.   The case was a good one upon the merits, as peti-
tioner verily believes, and the only question for trial in this court is whether
there is error in the judgment of the trial judge in his holding referred to
above.   Plaintiff's intestate left no estate of any character, and plaintiff has
nothing to pay the docketing fee and the fee for printing the record in this
court.   The transcript of the record in the cause has been made, and is now
in the hands of the clerk of this court.   Petitioner therefore prays that the
filing of the docket fees and the printing of the record be dispensed with in
this cause."

J. B. Cox and Isaac Harr, for plaintiff in error.

Jourolmon, Welcker & Hudson, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS,
District Judge.

PER CURIAM.   This petition must be denied, because it does not
appear therefrom that the persons who claim to be the beneficiaries
and the real parties in interest in the cause of action are paupers,
and unable to pay the ordinary costs of the proceeding in error.   It
is not sufficient, in a suit brought by one in a representative capacity,
as is the case with such suits under the Tennessee statutes, to make
it appear that in his representative capacity he has no funds with
which to prosecute the suit.   It must also appear that those persons
who will enjoy the fruit of the litigation, and who are the real parties
in interest, are also in such a condition of poverty that they cannot pay
the costs of that which is done for their benefit.   The application is
therefore denied, without prejudice to its renewal, upon an affidavit
which shall remedy the defect herein pointed out, within 30 days.