REED v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Sixth Circuit. October 9, 1901.)

No. 1,017.

1. COSTS—APPELLATE PROCEEDINGS—RIGHT TO PROSECUTE IN FORMA PAUPERIS.

Act July 20, 1892 (27 Stat. 252), which provides that any citizen of the United States entitled to commence any suit or action in any court of the United States "may commence and prosecute to conclusion" any such suit or action without being required to prepay fees or costs, or to give security therefor, upon filing an affidavit of poverty, and which also provides that he may avoid a demand for fees or security pending an action by a like affidavit, applies to proceedings on appeal or writ of error, which are within its equity, and not excluded by its letter.

2. SAME—AFFIDAVIT OF POVERTY—SUFFICIENCY.

An affidavit of poverty made by a plaintiff who sues, as administratrix of her deceased husband, to recover damages for his wrongful death, under a state statute which gives the right of action in favor of the widow and children of the deceased, should show that neither the estate nor the beneficiaries of the action are able to prepay or secure the costs.

3. APPEAL—PRINTING BRIEFS.

A circuit court of appeals will not suspend the rule requiring printed briefs in favor of an appellant prosecuting the appeal in forma pauperis

On Motion to Dismiss Writ of Error.

Wellington Stilwell, for the motion.

Before LURTON and SEVERENS, Circuit Judges.

LURTON, Circuit Judge. The plaintiff in error has filed a transcript of the record from the court below, and a petition praying to be allowed to prosecute her writ of error in forma pauperis, as provided by the act of congress of July 20, 1892 (27 Stat. 252), and that she be relieved from making the deposit for costs required

by rule 16 (31 C. C. A. c., 90 Fed. c.), and also the deposit for printing the record required by rule 23 (31 C. C. A. cii., 90 Fed. cii.).

The act of congress is in these words:

"Be it enacted by the senate and house of representatives of the United States of America, in congress assembled, that any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to a conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon filing in said court a statement, under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action.

"Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and willful false swearing in any affidavit provided for in this or the previous section, shall be punishable as perjury as in other cases.

"Sec. 3. That the officers of court shall issue, serve all process and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

"Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

"Sec. 5. That judgment may be rendered for costs at the conclusion of the suit as in other cases: provided, that the United States shall not be liable for any of the costs thus incurred."

1. Appellate proceedings are within the equity of this statute, and not excluded by its letter. The language of the first section of the act is, "may commence and prosecute to a conclusion," and by the second section the act is made to apply at any stage of a pending action. Whether a writ of error or appeal be regarded as the commencement of a new action, or as a continuation of the original suit, it is equally plain that the benefits of the act are extended to the appellant or plaintiff in error, who may "avoid a demand" for prepayment of costs, or for a security for their payment, by showing that, owing to his poverty, he is unable to pay such costs or secure same. This construction is the one placed upon this act by this court in a number of unreported instances, and is the construction which the act has generally received in this circuit. Thus, in Fuller v. Montague (C. C.) 53 Fed. 206, Judge Key held that the right to prosecute the suit "to a conclusion" involved the right of appeal, and that upon the filing of the proper affidavit an appeal should be allowed without bond. In Brinkley v. Railroad Co. (C. C.) 95 Fed. 345, Judge Hammond held that the act applied to appellate proceedings, but denied the right of the plaintiff to prosecute an appeal in the particular case in forma pauperis, because the court deemed the plaintiff's suit "unworthy of a trial," and the appeal prayed vexatious and frivolous. The plaintiff applied to this court for a writ of mandamus to compel the allowance of an appeal. An alternative writ was denied, and an order was entered dismissing the petition, which recited that the writ was

denied on the ground that Judge Hammond, "in denying to the relator the right to an appeal as a poor person, without giving the usual bond, was exercising his lawful discretion to prevent the continuance of a proceeding in forma pauperis, of which the court plainly had no jurisdiction, and which was utterly frivolous and vexatious in character." It is further recited in the judgment of this court that "this order is based on the ground set forth in the opinion of Judge Hammond in Brinkley v. Railroad Co. (C. C.) 95 Fed. 345, in the second branch thereof, beginning on page 352." There has been some difference of opinion in other circuits, but the decided weight of opinion is in accord with the view we have indicated. Thus, in Columb v. Manufacturing Co. (C. C.) 76 Fed. 198, it was held that, upon the plaintiff filing an affidavit, he was entitled to his appeal, and to a copy of the transcript for filing in court of appeals. The opinion was on the circuit, and was concurred in by Putnam, circuit judge, and Nelson, district judge. Subsequently the court of appeals for the First circuit held the act to apply to proceedings by appeal or writ of error in the circuit court of appeals. Volk v. B. F. Sturtevant Co., 99 Fed. 532, 39 C. C. A. 646. In Wickelman v. A. B. Dick Co., 85 Fed. 851, 29 C. C. A. 436, the circuit court of appeals for the Second circuit pretermitted the question by ruling that the appellant was not a pauper, because it appeared that he was in receipt of a salary of $20 per week, and paid $200 per year house rent. He was, however, allowed to perfect his appeal by giving the necessary security. In the case of The Presto, 93 Fed. 522, 35 C. C. A. 394, the court of appeals for the Fifth circuit held that the act did not apply to appellate proceedings. We are not advised that there are any other reported cases in accord with the decision last cited.

2. The affidavit in this case is defective in this: The suit is that of the widow and administratrix of Frank Reed, who sues for damages consequent upon the tortious killing of her intestate and husband. Under the Ohio statute authorizing such an action, the damages recoverable are for the benefit of the widow and children of the deceased, and they are the real parties in interest. Bates' Ann. St. Ohio, § 6135. The beneficiaries and real parties in interest are therefore the widow and the children of the deceased. The affidavit shows sufficiently the poverty of the widow, but is defective in not making a like showing in behalf of the children of the deceased. Boyle v. Railroad Co. (C. C.) 63 Fed. 539.

3. It may be that the estate of the deceased is able to prepay the costs of the writ of error, or secure the same. If so, the act would have no application. The affidavit makes no showing as to the value of the estate of which the plaintiff is administratrix. The application is for these reasons denied, but without prejudice to its renewal upon an affidavit showing that the estate of the deceased, as well as the beneficiaries, is unable to pay the costs or give security.

4. The application to suspend the rule in respect to printing briefs must be denied. That is an expense usually borne by counsel primarily, and constitutes an item of expense between counsel

and client. The importance of such briefs to the attainment of a proper understanding of the merits of the case justifies us in expecting that the attorney who has advised the suing out of this writ of error will not desert the cause, or decline to comply with the rule requiring a printed brief. If we are in error about this, we will appoint an attorney to conduct the suit, upon being applied to, under the power conferred by the fourth section of the act. Whelan v. Railroad Co. (C. C.) 86 Fed. 219.