### FEIL v. WABASH R. CO.

(Circuit Court, E. D. Missouri, N. D. June 10, 1902.)

1. SECURITY FOR COSTS—RIGHT TO SUE AS POOR PERSON—EFFECT OF CONTRACT TO PAY ATTORNEY CONTINGENT FEE.

A plaintiff in a federal court, who has made a contract with her attorney to prosecute her case for a contingent fee, in a state where the statute recognizes such contracts as valid, and gives the attorney a special lien for his fee on the judgment recovered, represents as plaintiff not

only her own interest, but that of her attorney, as trustee, and cannot sue as a poor person under the provisions of Act July 20, 1892 (U. S. Comp. St. 1901, p. 706), unless it is shown that all persons beneficially interested in the action come within the terms of the act.

On Motion for Security for Costs.

Thomas H. Bacon and J. D. Dale, for plaintiff.

Geo. S. Grover and Geo. A. Mahan, for defendant.

ADAMS, District Judge. This is a motion for security for costs, and the only question for determination is whether plaintiff is entitled to sue as a poor person, under the provisions of the act of July 20, 1892 (27 Stat. 252 [U. S. Comp. St. 1901, p. 706]), when it appears that she has made a contract with her attorney to prosecute her suit for a fee contingent upon recovery. Such contracts, unless they impose an obligation upon the attorneys to pay the costs and expenses of litigation, are not champertous. Duke v. Harper, 66 Mo. 51, 37 Am. Rep. 314, and cases cited. But when they are once made the attorneys have a pecuniary interest in the cause of action. Under the statutes of Missouri (Sess. Acts 1901, p. 46) such contracts have received legislative recognition, and the proceeds of the claim or cause of action sued on have been made the subject of a special lien in favor of attorneys to secure them in the interest acquired by their contracts. In such cases a plaintiff represents not only her own interest, but also that of attorneys in the case. She sues for herself and as trustee for others. She may be poor, and, standing alone, might be entitled to the beneficent provisions of the act of 1892; but in her representative capacity she cannot be poor within the meaning of that act, unless the beneficiaries whom she represents are also. In my opinion, no petition to sue as a poor person can avail unless it discloses that all the beneficiaries, as well as the nominal plaintiff, come within the purview of the act. The petition to sue as a poor person is accordingly denied, and the motion for security for costs is sustained. Plaintiff will be required, on or before the first day of the next term of this court, to make the usual deposit of $50, or to give a cost bond, with sureties to be approved by the court, in the penal sum of $200.