## WEEKS v. GATTELL et al.

(Supreme Court, Appellate Division, First Department.   April 16, 1908.)

1. CHAMPERTY AND MAINTENANCE—ATTORNEY'S SERVICES—CONTINGENT FEES.

Where an attorney, though having made certain disbursements and probably liable to make more in the prosecution of the claim, had not promised to advance any part of such expenses, and he had been retained to prosecute the claim before any agreement was made as to his compensation, an agreement that he should retain a specified proportion of the proceeds of the claim when collected for his services was not void for champerty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Champerty and Maintenance, §§ 22–51; vol. 5, Attorney and Client, §§ 351–353.]

2. ATTORNEY AND CLIENT—ATTORNEY'S FEES—EXCESSIVENESS.

Where an agreement for attorney's contingent fees was deliberately entered into by the client and was free from fraud, and the amount to be retained by the attorney, though large, was not so excessive as to indicate a purpose on the attorney's part to obtain an improper or undue advantage over the client, and it did not appear that the attorney in any way coerced or improperly influenced the client, the contract will be upheld.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 351–353.]

3. SAME—RIGHT TO OBJECT—ASSIGNEE'S SECURITY.

Where a claim against an estate was assigned to plaintiff as security for an advancement after which an agreement was made with an attorney to prosecute the claim for a contingent fee, the assignee, having received the amount for which the claim was assigned as security, was not in a position to question the amount retained by the attorney for his services.

Appeal from Special Term.

Action by Oakley Weeks against Benno B. Gattell, as executor of Henry M. Whitehead, and others.   From an adverse judgment, plaintiff and defendant Count W. Weeks appeal.   Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

John M. Perry, for appellants.
Thaddeus D. Kenneson, for appellee Gattell.
Arthur M. Johnson, for appellee Wintjen.

SCOTT, J.   The evidence justified the finding at Special Term that the assignment by Count W. Weeks to his brother, Oakley Weeks, of the claim against the Coe estate, was in consideration of and as security for the sum of $500, and that there was no other consideration for such assignment.   The agreement between plaintiff and the attorney Whitehead was not void for champerty.   Although it took the form of an assignment of the claim, it amounted, in substance, to an agreement that the attorney should retain a portion of the proceeds of the claim as his compensation and by way of repayment of any expenses to which he might be put.   He did not promise to advance any part of the expenses, although he had already been obliged to expend some money, and would probably have to expend more if the prosecution of the claim was to be persisted in, since Count W. Weeks was apparently unable, and Oakley Weeks certainly unwilling, to advance any money towards the prosecution of what then

seemed to be a most doubtful claim. Nor was the attorney's agreement made as an inducement to have the claim put in his hands, or in consideration of its having been so put. He had been retained by Count W. Weeks, and had taken steps to prosecute the claim long before any agreement was made as to his compensation.

The only question in the case which seems to be at all troublesome arises from the proportion of the claim which it was agreed should be retained by the attorney. Prima facie it seems to be inordinately large. We may not, however, condemn it solely for that reason, if it appears that the agreement was deliberately entered into by the client, and was free from fraud, and not so excessive as to evince a purpose on the part of the attorney to obtain improper or undue advantage. Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554. There is no evidence in the case that the agreement with Whitehead was not made voluntarily and with full understanding by both Count W. Weeks and Oakley Weeks, nor is there anything to indicate that the attorney in any way coerced or improperly influenced them. Oakley Weeks' chief anxiety seems to have been to get back the $500 he had loaned. Count W. Weeks had judgment against him, and a receiver in supplementary proceedings had been appointed, and anything he might get out of the judgment would probably go to his creditors. He was apparently little interested in the outcome of the litigation. Even in the present action he contents himself with denying the allegations of the complaint, sets up no facts upon which to base a claim upon any of the moneys retained by the attorney, and did not serve his answer upon the defendant attorney or his executor. His receiver and the principal judgment creditors unite in asking an affirmance of the judgment.

As the case is presented, therefore, the plaintiff has recovered the amount for which he took the assignment as security. He is therefore in no position to question the amount retained by the attorney as compensation. Count W. Weeks has not so pleaded as to entitle himself to question the amount, and the other parties, who might be benefited if the attorney's executor was required to repay a part of the compensation, are content with the judgment as it stands. Under all these circumstances we find no occasion to disturb the judgment, which must be affirmed, with costs to the executor respondent.

McLAUGHLIN, CLARKE, and HOUGHTON, JJ., concur.

INGRAHAM, J. (concurring.) I concur with Mr. Justice SCOTT. Since the decision of the Court of Appeals in the Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554, I do not understand that we can hold any agreement between an attorney and his client as to his compensation to be void without proof of the amount that the attorney would receive under the contract, the value of the services that he rendered, and the other facts in relation to the making of the agreement. In that case this court held that an agreement between an attorney and his client providing for a payment of 50 per cent. of the recovery was one that threw the burden upon the attorney of proving that the contract was a fair one, that the client perfectly understood the circumstances, and that the attorney took no un-

fair advantage of the client, thus applying the general rule in relation to contracts between an attorney and his client to contracts for the attorney's compensation. This view seems to have been disapproved of by the Court of Appeals; that court saying:

"It is difficult to see how the court below could have properly reached the conclusion that the agreement was unconscionable without proof as to the amount the appellant would have received if such lien had been established and enforced or of the entire services performed by the appellant and his associate, or of the actual expenses to which they were subjected, and the other facts relating to the subject. * * * The statute conferred upon the parties the right to make the contract, and conferred upon the court no authority to make it for them. If, however, upon a proper examination of the appellant's claim, it shall be found that the agreement between himself and his client was induced by fraud, or that the compensation provided for was so excessive as to evince a purpose to obtain improper or undue advantage, the court may correct any such abuse."

In this case, there having been an investigation as to the circumstances under which the contract was made, the value of the services performed, and the amount which under the contract the attorney was entitled to receive, I do not think, considering all the evidence, the court was justified in refusing to enforce the contract.

I therefore concur in the affirmance of the judgment.