## UNITED STATES ex rel. PAYNE v. CALL, District Judge.

(Circuit Court of Appeals, Fifth Circuit. January 20, 1923.)

No. 4000.

1. Costs ⚖️128—Ability of attorney having contingent fee to pay costs does not defeat right to appeal in forma pauperis.

Since an agreement by an attorney to pay the costs would be champertous, the courts will not attempt to force him to pay such costs, and therefore will not deny his client the right to appeal in forma pauperis, under Act July 20, 1892 (Comp. St. §§ 1626–1630), on the ground that her attorney had a contingent fee and did not show he was unable to pay the costs of the appeal.

2. Champerty and maintenance ⚖️5(3)—Agreement by attorney to pay costs is void for "champerty."

A contract providing that an attorney shall bear the costs of a suit is champertous and void, since "champerty" is the unlawful maintence of a suit in consideration of some bargain to have a part of the thing in dispute or some profit out of it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Champerty.]

3. Attorney and client ⚖️182(2)—Attorney has lien on judgment recovered.

Attorneys have liens for their fees, not only on books, papers, and money coming into their hands in their professional capacity, but also on the judgment recovered.

4. Attorney and client ⚖️24—Cannot be required to pay costs of suit.

A judgment for costs does not run against the attorney, and he cannot be made to pay such costs.

5. Attorney and client ⚖️147—Contract for contingent fees for services is valid.

Proper contracts for contingent fees for an attorney are recognized and upheld by the courts generally.

Petition for Mandamus to the Judge of the District Court of the United States for the Southern District of Florida, at Jacksonville.

Application by Marion L. Payne for a writ of mandamus to require Rhydon M. Call, United States District Judge, to allow petitioner to proceed with an appeal in forma pauperis. Petitioner held entitled to the appeal, and opinion certified to District Judge.

A. H. King, of Jacksonville, Fla., for relator.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an application for a writ of mandamus to require the judge of the District Court for the Southern District of Florida to allow petitioner to proceed with an appeal in forma pauperis, in a suit in admiralty to recover for personal injuries, brought by him against the Jacksonville Forwarding Company.

[1] It appears that the District Judge entered a decree in favor of the respondent in the admiralty suit. Application was made by the plaintiff, the relator here, for an appeal to this court under the provisions of chapter 209, Act July 20, 1892, 2 Fed. Stat. Ann. (2d Ed.) 647 (Comp. St. §§ 1626–1630). In response to an order entered by this court, requiring the District Judge to show cause why the relief prayed

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in this proceeding should not be granted, the District Judge states that the relator is unable to pay costs or give security, and that he denied the application solely upon the ground that the relator's attorneys, who have a contract for a contingent fee, had not shown they were unable to do so. The position taken by the District Judge is supported by the following cases cited by him: Feil v. Wabash R. Co. (C. C.) 119 Fed. 490; Phillips v. Louisville & N. R. Co. (C. C.) 153 Fed. 795; Esquibel v. Atchison, T. & S. F. Ry. Co. (D. C.) 206 Fed. 863. One or two others can be found to the same effect.

However, we are of opinion that the rule announced in these cases is unsound in principle. In that of Feil v. Wabash R. Co., supra, notwithstanding the implied admission that a contract to pay costs is champertous, yet it is stated that, after the contract is made, the attorney can be required to pay costs; in other words, that the offense is to agree to do the thing, but that the thing itself agreed to be done is innocent. If it is against the policy of the law, as it is, for an attorney to agree to pay costs, it ought not to be tolerated that he could be forced actually to pay them. The case of Reed v. Penn. R. R. Co., 111 Fed. 714, 49 C. C. A. 572, relied upon in some of the cited cases, is not in point. All that was decided in that case was that it was necessary for the plaintiff to show that the estate, upon behalf of which suit was brought, was unable to pay the costs, and that it was not sufficient merely to show that the plaintiff herself was unable to do so. That case does not deal with the question of the liability of an attorney for costs.

[2] In the state of Florida the common law of England of a general nature is in force, unless it is inconsistent with the Constitution or the laws of the United States or of that state. The common-law offense of champerty is not inconsistent with any law of Florida, and therefore it exists in that state. But we prefer to base our position upon the rule which prevails generally with reference to champertous contracts. Champerty is the unlawful maintenance of a suit in consideration of some bargain to have a part of the thing in dispute or some profit out of it. If a contract provides that an attorney shall bear the costs of a suit, it is champertous, and is thereby rendered void. 5 R. C. L. 270, 276, 283. If, therefore, an attorney accepts employment upon a contingent fee and agrees to pay the costs, he has entered into a champertous contract. It may be that he can be punished for so doing; certainly he cannot enforce the contract against his client, who is thus placed in a position to get the benefit of the attorney's services without paying anything for them.

[3] Liens for attorney's fees are quite uniformly enforced, and it is recognized that there is not only a retaining lien upon books, papers, and money coming into the attorney's hands in his professional capacity, but it is also recognized that there is a charging lien upon the judgment recovered. 2 R. C. L. 1063, 1064, 1072.

[4] Judgment for costs does not run against the attorney. He could not be made to pay costs in the trial court, and it would create an anomalous situation to require him to give bond for the payment

of costs on appeal, since the statute draws no distinction between costs in trial and appellate courts.

[5] Proper contracts for contingent fees are recognized and upheld by the courts generally. In many cases rights are enforced which could not be otherwise, although it is doubtless true that in many cases suits are brought which would not be, but for the willingness of attorneys to rely for their fees upon the chance of success. However that may be, we do not think it was within the contemplation of the statute which allows proceedings in forma pauperis to hold attorneys, interested solely because of the possible result of the litigation, liable for costs.

The conclusion is that the District Judge should approve the application for an appeal in forma pauperis, since it appears from his return that the affidavit of the relator was made in good faith, and that he was unable to pay costs or give security.

It is ordered that a copy of this opinion be certified to the District Judge.