### UNITED STATES ex rel. RANDOLPH v. ROSS, District Judge.

(Circuit Court of Appeals, Sixth Circuit.   April 15, 1924.)

No. 3969.

**Courts ⬤⟲332—Both party and counsel must make oath of poverty to institute suit in forma pauperis, where fee is contingent.**

   A District Court rule that, where a suit is instituted in forma pauperis and fee of plaintiff's counsel depends on the result, the suit cannot be prosecuted alone on plaintiff's oath of his poverty, but his counsel must likewise file such an oath, or give security for costs, *held* valid under Act Cong. July 20, 1892, § 1, as amended by Act June 25, 1910 (Comp. St. § 1626), in view of Act July 20, 1892, § 4 (Comp. St. § 1629), and Shannon's Ann. Code Tenn. § 5792, and the repeal of the Tennessee champerty statutes by Acts 1899, c. 173.

At Law.   Petition for mandamus by the United States, on the relation of T. L. Randolph, against J. W. Ross, United States District Judge.   Petition denied.

Bell & Phillips, of Memphis, Tenn., for petitioner.

Miles, Waring & Walker, of Memphis, Tenn., for respondent.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM.   Relator brought in a state court of Tennessee an action against the receivers of the Memphis Street Railway Company to recover for alleged negligent personal injuries.   He gave in that court no bond for costs, but executed an affidavit in forma pauperis under the Tennessee statute, which affidavit is criticized here only as failing to state the nature of the cause of action.   We pass by this criticism in view of the later history of the case.

The suit was removed to the federal District Court below, which has a rule of court to the effect that where suits are instituted in forma pauperis, and counsel for the plaintiff is an interested party in the result of the litigation, by reason of a contingent fee, depending upon the result, such suits cannot be prosecuted upon plaintiff's oath of his own poverty alone.   Counsel so interested must likewise execute and file such an oath or give proper security for costs.   It appearing in the court below that plaintiff's counsel had taken the case upon a contingent fee, dependent upon the amount of the recovery, the court required that counsel either give a cost bond or take the oath in forma pauperis, and that upon failure so to do the suit be dismissed.

This order was not complied with, and the suit was accordingly dismissed.   In connection with the writ of error to this court, to review the order of dismissal, similar application was made for leave to proceed in forma pauperis under the federal statute (Act July 20, 1892, as amended June 25, 1910; 27 Stat. 252; 36 Stat. 866; Comp. St. § 1626); and there was similar action by the court and refusal by the attorneys.   Relator asks that respondent be required to accept plaintiff's affidavit in lieu of an appeal bond, and finally to allow the case to proceed to trial upon plaintiff's affidavit.

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

While the federal statute in forma pauperis does not in terms require a showing of poverty or inability to pay costs or give security on the part of any one except the plaintiff himself, it has been construed broadly enough to embrace all within its equity, and not excluded by its letter. In Reed v. Pennsylvania Co., 111 Fed. 714, 49 C. C. A. 572, which was a suit by a widow and administratrix for damages for the tortious killing of her husband, this court held defective an affidavit showing the poverty of the widow (administratrix) in not making a like showing on behalf of the children of the deceased, who were (with the widow) the parties in interest.

It has been repeatedly held in District Courts, under circumstances such as presented here, that the suit cannot be allowed to proceed in forma pauperis unless plaintiff's attorney makes the statutory affidavit. Feil v. Wabash Ry. Co. (C. C.) 119 Fed. 490; Phillips v. L. & N. Ry. Co. (C. C.) 153 Fed. 795; Esquibel v. A. T. & S. F. R. R. Co. (D. C.) 206 Fed. 863; Silvas v. Arizona Copper Co. (D. C.) 213 Fed. 504. Such has hitherto been the practice followed by this court under our rule 17, which is substantially the same as that of the court below. The only federal authority to the contrary, cited by counsel or discovered by us, is United States ex rel. Payne v. Call, District Judge (C. C. A. 5) 287 Fed. 520, where it was held that, inasmuch as an agreement by an attorney to pay costs is void for champerty, the court will not attempt to force him to pay such costs, and therefore will not deny his client the right to appeal in forma pauperis.

The Payne Case is not persuasive of relator's contention upon the case before us. The formerly existing champerty laws of Tennessee were repealed in 1899 (Acts 1899, c. 173), and both sides properly concede that there is now no law of that state against contracts making attorney's fees contingent and dependent upon amount of recovery. See Shannon's Code 1917, notes to sections 3174 and 3175; Ducktown, etc., Co. v. Fain, 109 Tenn. 59, 61, 66, 70 S. W. 813; Heaton v. Dennis, 103 Tenn. 161, 52 S. W. 175. See the reservation in Robertson v. Cayard, 111 Tenn. 356, 77 S. W. 1056, made prior to Heaton v. Dennis.

Were we to assume that under the law of Tennessee a contract requiring the attorney to pay in whole or in part plaintiff's expenses of carrying on his litigation, or containing stipulation that the plaintiff shall not compromise or settle without the consent of his attorneys, would be bad (5 R. C. L. 270, 276, 283; Davy v. Insurance Co., 78 Ohio St. 256, 85 N. E. 504, 17 L. R. A. [N. S.] 443, 125 Am. St. Rep. 694), we are not satisfied that the mere giving by an attorney of cost bond for the purpose of preventing a dismissal of the suit would contravene the public policy of Tennessee, since the repeal of her champerty statutes. There was here no agreement to pay plaintiff's expenses of suit, or forbidding compromise by relator alone, or even to give the bond in question. We are cited to no decision in that state to such effect. See authorities in note on champertous contracts between attorneys and clients, 83 Am. St. Rep. 171, 172. Nor, under the case presented here, are we inclined to follow the holding

in Stevens v. Sheriff, 76 Kan. 124, 90 Pac. 799, 11 L. R. A. (N. S.) 1153, under the state statute.

While the Tennessee statute makes it unlawful for an attorney to become surety on an appeal bond for a defendant's appearance in a criminal case (Shannon's Code, § 6888a41), it does not forbid attorneys to become sureties for judgments for fines and costs. Halfacre v. State, 112 Tenn. 609, 611, 612, 79 S. W. 132. There is no suggestion that it would be unlawful for an attorney generally to give a cost bond in a civil suit for the benefit of his client. Respondent's counsel asserts, without challenge, that such is common practice in Tennessee. Compare note to section 5790, Shannon's Tennessee Code 1918. We think it unnecessary to determine the effect of an original contract by the attorney to furnish security for costs, or to approve the requirement (in form) that such security be given. For the purposes of this hearing, we may properly treat the original action as an order of dismissal nisi.

Unless the giving by an attorney of cost bond is unlawful, we think it not unethical, according to generally accepted standards. The only canons of ethics adopted by the American Bar Association applicable to this case are No. 10 ("The lawyer should not purchase any interest in the subject-matter of the litigation which he is conducting") and No. 13 ("Contingent fees, where sanctioned by law, should be under the supervision of the court, in order that clients may be protected from unjust charges"). Report Amer. Bar Ass'n 1908, vol. 33, pp. 578, 579. While section 5792 of Shannon's Code empowers the court to assign counsel for poor persons, that section was not invoked, and we have found no statute giving the court supervision of the amount of the fee when made the subject of contract. If it be not unethical to make an absolute contract for a specific share of the recovery as an attorney's fee, a majority of this court thinks it would not be unethical to comply with a rule of court such as exists below and in this court.

It would be unfortunate that a deserving plaintiff be denied opportunity to try his case because of his attorney's refusal to furnish security or make excusatory affidavit. But we are disposed to think that in practical effect a much greater evil would result from opening the door to litigation which may or may not prove meritorious, by holding the attorney under a contingent fee, conditioned upon recovery, not within the spirit of the rule invoked below.

Moreover, under the federal act, an impecunious plaintiff, with a meritorious cause of action, is not necessarily limited to the employment of an attorney by private contract; for by Comp. St. § 1629, the trial court is expressly empowered to assign an attorney to represent such plaintiff, thereby, we think, giving the court implied power to determine the amount of the attorney's fee in case of recovery, a fee necessarily contingent upon the result. The entire statute permitting suits and appeals in forma pauperis must be read in connection with this section, which touches the matter of the relation of a plaintiff's attorney to such a case, and makes clear that our present holding, though it may discourage some attorneys who would otherwise agree

to bring·suit for a share in the recovery, will not prevent an. impecunious plaintiff from getting his claim prosecuted.

The giving of cost bonds generally by attorneys, in cases where they have no contingent fee interest, being both lawful and ethical, a majority of this court thinks it not unethical, according to generally accepted standards, for an attorney who has such an interest to give such a bond, when it is required by court order to prevent a dismissal of the case. Such a bond is not necessarily to be taken as a payment or assumption of costs; it may be only a guaranty for the plaintiff.

We accordingly think the petition for mandamus should. be denied.