## CLARK v. UNITED STATES.

District Court, W. D. Missouri, S. W. D.
March 16, 1932.

Benjamin E. Cook, of Ponca City, Okl., for plaintiff.

Claude E. Curtis, Asst. U. S. Atty., Vergil E. Willis, Regional Atty. Veterans' Bureau, and William L. Vandeventer, U. S. Atty., all of Kansas City, Mo.

OTIS, District Judge.

One William Clark, a veteran of the World War, has tendered for filing his petition pleading a cause of action for recovery against the United States on a contract of war risk insurance. He asks leave to file this petition and to prosecute his case in forma pauperis, and has submitted with his petition an affidavit in the usual form, setting up that because of his poverty he is unable to pay the costs or to give security therefor, and that he believes he is entitled to the redress he seeks in the action he desires to institute. The United States objects to any order authorizing the institution or prosecution of the proposed action until the attorney for Clark, who has the case on a contingent contract, shall either give security for costs or himself file a pauper affidavit.

Counsel for the United States cite in support of the objection the decision of the Circuit Court of Appeals for the Ninth Circuit, in Chetkovich v. United States, 47 F. (2d) 894. And it must be conceded that that decision is squarely in point and should be followed if it correctly declares the law. The very brief per curiam opinion of that court is as follows: "The affidavit in support of the application for leave to prosecute the appeal in this case in forma pauperis avers: 'There is no person interested by contract or otherwise in the said cause of action or entitled to share in the recovery thereunder who is able to pay or secure said fees or costs.' Such an affidavit is insufficient. In cases of this kind the affidavit must be made by every person interested in the recovery, including the attorney, if he has a direct interest in the result of the action. United States v. Ross (C. C. A.) 298 F. 64, and cases there cited."

The applicable statute, section 832, title 28, USCA, provides: "Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute * * * to conclusion any suit or action * * * without being required to prepay fees or costs * * * or give security therefor, before or after bringing suit or action * * * upon filing in said court a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action * * * or to give security for the same, and that he believes that he is entitled to the redress he seeks in such suit or action * * * and setting forth briefly the nature of his alleged cause of action. * * *"

In this statute there is no ambiguity, no phrase or word of doubtful or double meaning, and nothing, therefore, requiring judicial interpretation and construction. The petitioner here is "a citizen of the United States"; he is entitled "to commence" the action he has tendered and to commence that action in this "court of the United States," he has filed in this court "a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action * * * or to give security for the same, and that he believes that he is entitled to the redress he seeks." In this statement under oath he has set forth "the nature of his alleged cause of action." He has then complied literally with the statute. The statute says that, if he does that, he "may, upon the order of the court, commence and prosecute" his action. I do not understand, however, that by the use of the word "may" any other than a judicial discretion is given to the court. I do not understand that the court has any power to deny the right to prosecute in forma pauperis where the provisions of the statute are fully met. The discretion of the court is to determine whether the prerequisites laid down by the statutes have been complied with.

Undoubtedly there is judicial authority for the rule announced in certain districts

and circuits that one may not be permitted to commence or prosecute an action in forma pauperis if he has given his counsel a contingent contract whereby counsel is to receive as compensation for his services a certain percentage of whatever finally may be recovered in the case. In the Eighth circuit there has been no such decision. With all possible respect for the courts which have so held, I am constrained to believe that the rule announced by them cannot be supported by sound reasoning.

In Boyle v. Great Northern Ry. Co. et al., 63 F. 539, it was said by the Circuit Court for the District of Washington, speaking through Hanford, District Judge, that—"There is no question but what a poor person can prosecute his cause and obtain a full hearing, but at the same time litigation is not to be fostered and encouraged by allowing the plaintiff to evade any expense which he makes. That is the duty of any party having sufficient means, and is not to be evaded. If he is not able to pay costs or give security for them, he can have justice without it. But a person who acquires by contract an interest in any litigation, and a right to share in the fruits of a recovery, and who is not entitled to sue in forma pauperis, cannot be permitted, under cover of the name of a party who is a poor person, to use judicial process and litigate at the expense of other people. I think it does make a difference whether the plaintiff has made a contract with his counsel for their compensation. It makes this difference: that, after a contract has been made with counsel for a pecuniary interest in a law suit, the case is carried on partially for their benefit; and, if they are able to pay the expenses of the litigation, it is unjust for the court to allow the litigation to go on for their benefit without expense, on the pretense that the plaintiff is unable to pay."

It was said by the Circuit Court of the Eastern District of Missouri, speaking through Adams, District Judge, in Feil v. Wabash Ry. Co., 119 F. 490, 491, that, in a case in which an attorney had a contingent contract, the plaintiff is not entitled to sue as a poor person upon an affidavit showing her poverty only. The court said: "In such cases a plaintiff represents not only her own interest, but also that of attorneys in the case. She sues for herself and as trustee for others. She may be poor, and, standing alone, might be entitled to the beneficent provisions of the act of 1892; but in her rep-

resentative capacity she cannot be poor within the meaning of that act, unless the beneficiaries whom she represents are also. In my opinion, no petition to sue as a poor person can avail unless it discloses that all the beneficiaries, as well as the nominal plaintiff, come within the purview of the act."

The case of Chetkovich v. United States, supra, relies on the decision of the Circuit Court of Appeals for the Sixth Circuit in United States ex rel. v. Ross, 298 F. 64, 65. It was said by that court that—"While the federal statute in forma pauperis does not in terms require a showing of poverty or inability to pay costs or give security on the part of any one except the plaintiff himself, it has been construed broadly enough to embrace all within its equity, and not excluded by its letter." And the court held that it was proper for the District Court to refuse to permit the prosecution of a suit upon the poverty affidavit of plaintiff unless his counsel also filed a like oath or gave security for costs.

The construction given to the statute in these cases depends upon the assumption that an attorney having a contingent contract has a pecuniary interest in the subject-matter of his client's case; that the client in a sense sues as trustee for him, the attorney; that the attorney, therefore, is a real party in interest. Such decisions are pointed to as that of Reed v. Pennsylvania Co., 111 F. 714, in which the Circuit Court for the Sixth Circuit held that, where one sued for herself as widow and also as administratrix of her deceased husband's estate, and where under the applicable state statute the children of the deceased were entitled to participate in the damages recovered, such children were real parties in interest, and the affidavit must show their poverty as well as that of the plaintiff. And Volk v. Sturtevant Co. (1 C. C. A.) 99 F. 532, is cited, in which it was held that, where the plaintiff sued as administratrix, her poverty affidavit was insufficient, since it did not set out that the estate on behalf of which she sued was unable to furnish security for fees and costs.

To my thinking the parallel sought to be drawn between a case in which an attorney has a contingent contract and a case in which a party sues in a representative capacity, as for an estate or for the beneficiaries of an estate, does not exist. In the latter case the interest of the estate or of

the beneficiaries is in the very subject-matter of the controversy. It is the estate's case; it is the beneficiary's case. But the attorney has no interest in the case as such. He is interested in it professionally, but in no sense as a party to it. He has no present pecuniary interest in the subject-matter. The fact that he has a right by contract to participate in the proceeds of any judgment that may be obtained does not make him in any true sense of the word a party in interest. The plaintiff's grocer might have a contract with the plaintiff that he would be paid a bill owing him out of the proceeds of the judgment if one were obtained. The plaintiff's dentist or family doctor might have such a contract. Certainly it would not be said that they were therefore parties to the litigation or real parties in interest in any sense. It is difficult to see why they should not be required to give security for costs if they have such contracts just as much as an attorney should be required to give security for costs if he has a contract in accordance with which he is to be compensated for his services out of the proceeds of a judgment to be obtained. To say one who retains a lawyer under a contingent contract prosecutes his case as trustee for that lawyer seems to me most inaccurate.

The theory which underlies the statute involved here is that no man should be denied the right to prosecute a meritorious cause of action by reason of his poverty. He is to be allowed to institute and prosecute his suit without the payment of fees or giving security for costs. Justice is for all, not for those only who may be able to pay the cost of litigation. The same poverty that compels a litigant to avail himself of this beneficent statute makes it impossible for him to hire counsel. He can procure counsel only by agreeing that out of the proceeds of his case, if there are proceeds, counsel shall be compensated. Certainly it conflicts with the spirit of the statute to hold that, while a poor man may sue in the courts of the United States, he may not have counsel if he sues in forma pauperis. In practical effect he is denied counsel if his counsel must either himself guarantee the costs or file an affidavit that he also is penniless. The statute was intended for the benefit of those too poor to pay or give security for costs, and it was not intended that they should be compelled to employ only paupers to represent them.

The most inequitable results would follow from such an interpretation of this statute in cases like the present one. Another statute restricts attorneys representing veterans suing to recover on war risk insurance contracts to compensation out of the proceeds of any judgment not to exceed 10 per cent. thereof. However meritorious a case a veteran may have, there is a chance that he will not win it. Certainly no reputable lawyer will agree to represent him, to do all of the work required for the preparation of his case, to try the case before a court and jury, perhaps to carry it to an appellate court, for a maximum compensation of 10 per cent. of what may be recovered, if he must also obligate himself to pay the costs in the event of failure.

My conclusion is that the veteran here should be permitted to institute and prosecute his case.