## BOGGAN v. PROVIDENT LIFE & ACCIDENT INS. CO. OF CHATTANOOGA, TENN.

### No. 7708.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1935.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, Ala., for appellant.

Wm. S. Pritchard and James W. Aird, both of Birmingham, Ala., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal prosecuted in forma pauperis by the administrator, from a verdict and judgment that he take nothing by his suit on an accident policy.

Appellee moves to dismiss the appeal because neither in fact nor in form is it warranted by the poor persons statute, title 28, § 832, USCA under which it was taken. As matter of form it is argued against the petition [1]: (a) That the administrator

---

[1] "Now comes J. J. Boggan, as administrator of the estate of D. J. Filiatrault, deceased, the plaintiff in the above styled cause, and hereby represents and shows unto Your Honor as follows:

"1st. That he is the plaintiff in said cause and prosecuted said suit as such administrator and there was judgment for the defendant and motion for new trial was duly filed and heard by the Court, and

is not a citizen of the United States within such statute, whose oath entitles him to its benefits; (b) further, that the petition, not showing that neither the estate nor any person interested is able to pay or secure the costs, but merely that the administrator is not and being sworn to by the administrator, and not by the beneficiaries, is defective; (c) that it does not show, as required by the statute, that the cause it seeks to prosecute is a meritorious one.

As matter of fact it is urged against the appeal: (a) That both the creditors of the estate and the widow of the deceased, as beneficiaries subject to its debts, are solvent and amply able to pay or secure the costs of the appeal; and (b) that there is no merit in it, because it plainly appears that not only does the record fail to show the accidental death of the deceased by drowning, but it affirmatively and indisputably shows that his death was voluntary and suicidal.

▆▆▆ We cannot agree with appellee that an administrator or legal representative may not prosecute an appeal in forma pauperis. The decisions it cites, Reed v. Pennsylvania Co. (C. C. A.) 111 .F. 714, Clay v. Southern Railway Co. (C. C. A.) 90 F. 472, are to the contrary as the general practice is. Cunningham v. United States (C. C. A.) 67 F.(2d) 714. We think it plain, however, that the petition on which the appeal was granted is defective, both in its failure to negative the ability of the estate to pay the costs, and its failure to have attached to it the affidavits of the persons to be benefited by the appeal that they were not able.

---

by the Court overruled on to-wit, the 31st day of August, 1934.

"2nd: That your petitioner, the said plaintiff in said cause, feeling himself aggrieved by the aforesaid judgment for the defendant upon the trial of said cause, and at the judgment of the Court overruling his said motion for new trial in said cause and feeling aggrieved at the ruling of the Court on the trial of said cause upon the several grounds set out and specified in said motion for new trial, which is hereby referred to and made a part of this petition; and said plaintiff desiring to prosecute his appeal or writ of error in said cause in good faith and believing that he is entitled to the redress he seeks in such writ of error or appeal, hereby prays that an appeal be granted in said cause from said judgment and from the ruling of the Court upon the motion for new trial therein, and that such appeal be duly allowed by the Court and that citation issue as provided by law and that a transcript of the record, proceedings and papers upon which said judgment is based and said motion for new trial was decided, duly authenticated may be sent to the United States Circuit Court of Appeals for the Fifth Circuit, and that the Court will make and enter all such other and further orders and proceedings as may be necessary or proper in the premises for the perfection of the appeal herein prayed for.

"3rd; And your petitioner, both as such administrator and individually, further states to this Honorable Court that because of his poverty, he is unable to pay the costs of such appeal or to give security for the same; and that he verily believes that he is entitled to the redress he seeks in such appeal upon the grounds hereinabove set out, and upon the various grounds set out in the motion for new trial and upon the ruling of the Court during the trial upon questions of evidence in said cause and upon the charge of the Court.

"Wherefore your petitioner prays that such appeal be duly allowed by this Honorable Court, and that your petitioner, the plaintiff in said cause, be allowed to prosecute said appeal in forma pauperis, the said plaintiff being a citizen of the United States and as administrator of the estate of the said decedent duly qualified as such by the Probate Court of Jefferson County, Alabama, a court of competent jurisdiction, and being unable to pay the costs of such appeal or to give security therefor; and your petitioner prays that all such orders and decrees as may be necessary and proper in the premises to enable your petitioner, the plaintiff to prosecute such appeal without paying the said cost or giving security therefor, be made and allowed:

"J. J. Boggan, As administrator of the estate of D. J. Filiatrault, deceased. "The State of Texas, County of Dallas.

"Before me the undersigned Notary Public in and for said county and State this day personally appeared J. J. Boggan, individually and as administrator of the estate of D. J. Filiatrault, deceased, who is known to me and who being first duly sworn deposes and says that the averments of the foregoing petition are true.

"J. J. Boggan, Individually and as said Administrator.

"Sworn to and subscribed before me this the 24th day of November, 1934. "[Seal.] M. T. Watson, Notary Public,

■ We think it is plain too, that the appeal, while taken in good faith, is wholly without merit. The statute under which the appeal is prosecuted is a statute of grace. It extends to those embraced in it, but only to those, Quittner v. Motion Picture Producers & Distributors (C. C. A.) 70 F.(2d) 331, the privilege of prosecuting, without paying or securing the costs, appeals which are substantially meritorious, and which, because of the appellant's poverty, could not be prosecuted if bond or security were required. It may not be used by persons not poor persons, in whose interest, though not parties to the suit, the litigation is being conducted, to prosecute an appeal without giving bond or costs. Neither may it be used to prolong a plainly fruitless litigation by prosecuting a plainly meritless appeal. Kinney v. Plymouth Rock Squab Co., 236 U. S. 43, 35 S. Ct. 236, 59 L. Ed. 457. Because of this want of merit, appellee's motion to dismiss will be granted.

■ While appeals may not be prosecuted with effect except where good and sufficient bond is given, or the poor persons statute is complied with, an appellate court will not ordinarily dismiss an appeal for defects in these particulars, without first affording opportunity for their correction. Reed v. Pennsylvania Co., supra. The District Judge having granted the petition on the showing deemed sufficient by him, and the appeal papers having been prepared and lodged here in reliance on his order, we would not, but for the entire lack of merit in the appeal, dismiss it without first giving appellant an opportunity to comply with the poor persons statute, or give bond. Since the record plainly shows that the appeal is wholly without merit, we will not put appellant to the amendment of his appeal papers to no purpose, but will now dismiss his appeal.

Our reasons for concluding that the appeal is without merit may be briefly stated.

■ The evidence is without dispute. It shows inescapably that appellant's decedent, confronted with a claim of shortage, committed suicide by drowning himself in the Warrior river. The policy on which appellant sued is in substance identical in its terms with the policy we had before us in the Wilkes Case, 76 F.(2d) 701, 705. The burden upon appellant here was the same as the burden upon Wilkes in that case. The proof in this case fails to present a single fact or circumstance which would sustain a finding that the deceased came to his death by violent, external, and accidental means. More, it definitely and positively establishes in an irrefutable and inescapable way that his death was suicide. More completely than was the case in New York Life Ins. Co. v. Trimble (C. C. A.) 69 F.(2d) 849, 850, the very case plaintiff made proved that the death was not within the policy. There, with no motive shown, we held the circumstances all consistent with the theory of suicide, and all inconsistent with any but that theory. In the main opinion we said: "The presumption against suicide was overcome if the preponderance of the evidence was consistent with the theory of suicide and at the same time was inconsistent with any reasonable hypothesis of death by accident."

In the concurring opinion it was said: "In suits on accident policies insuring against the risk of death from external, violent, and accidental causes mere proof of death will not suffice. Plaintiff must prove, too, that the death was accidental. The true rule, I think, is that, where plaintiff's proof shows a violent death and does not show it to have been self-inflicted, his case is prima facie made out, because suicide will not be presumed. When, however, plaintiff's case, as here, conclusively shows death by violence self-inflicted, plaintiff has not discharged her burden unless her proof goes further to show that the circumstances of the self-infliction are at least consistent with the theory of accident. Plaintiff fails here, not because the proof has overcome the presumption against her son's suicide, but because the proof fails to raise any presumption in her favor."

Later, in the Wilkes Case, we said: "Suicide, at least when sane, is not accidental death. A plaintiff under this policy has the burden of proving an accidental death, thereby negativing suicide."

In the light of these authorities, it is perfectly plain that no other verdict than the one rendered would have been proper. This being so, it can serve no useful purpose to prolong the litigation by further perfecting the appeal. Fruitless litigation like that presented here should cease. Kinney v. Plymouth Rock Squab Co., supra.

The appeal is dismissed.