**T. C. THEATRE CORPORATION,**
Plaintiff,

v.

**WARNER BROS. PICTURES, Inc., et al.,**
Defendants.

United States District Court
S. D. New York.
June 12, 1953.

See also 16 F.R.D. 173.

---

Saul Friedberg, New York City, for Universal Pictures Co., Inc., et al.

N. Henry Josephs, New York City, for Thomas Turner Cooke, Alexander Kahan, and Gorfinkle & Adler.

WEINFELD, District Judge.

The letter of counsel for Paramount Pictures Inc., et al., dated June 3, 1953, is treated as a motion for leave to reargue. The contention now made was not advanced upon original presentation of the matter, nor is it supported by the record. It was not even made when the Court on its own motion required specific affidavits from the defendants other than Universal, who had joined in the latter's motion. The affidavits then submitted by Paramount's representatives followed generally those of attorneys representing defendants other than Universal and these centered in the main about conferences relating to the preparation of the decree, the findings and

steps in connection with the appeal in the Paramount case. [United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260.] No reference was made to the Quittner case. [Quittner v. Motion Picture Producers & Distributors of America, 2 Cir., 70 F.2d 331.]

While the minutes of Mr. Cooke's deposition are not available to me at this time, the emphasis therein was completely upon the Universal situation and the services performed by him on its behalf and his relationship to his client. My recollection is that such reference as was made to other matters was for the purpose of showing Mr. Cooke's qualification and experience in motion picture and other antitrust suits and his association with Mr. Frederick Wood in such matters. The briefs, affidavits and exhibits in the instant case were thoroughly and carefully reviewed and the Court did not inadvertently or otherwise fail to consider, nor did it overlook, any significant fact.

I have disregarded the charges and counter charges made by the attorneys in the exchange of letters between them.

The motion for leave to reargue is denied.