## JACOBS v. NORTH LOUISIANA & GULF R. CO. et al.

### Civ. A. No. 1928.

District Court, W. D. Louisiana, Monroe Division.

Dec. 23, 1946.

Charles H. Morton, of Jonesboro, for plaintiff.

W. T. Holloway, of Jonesboro, La., and Jackson & Mayer, of Shreveport, La., for defendants.

DAWKINS, District Judge.

Plaintiff brings this suit in forma pauperis, first under the Federal Employers Liability Law, 45 U.S.C.A. § 51 et seq., and in the alternative, for compensation under the State Workmen's Compensation Statute, Act No. 20 of 1914, as amended, for injuries alleged to have been received as a brakeman on a freight train of the defendant.

Motions to dismiss are now to be considered, based upon the following grounds:

(1) That the allegation of poverty is insufficient (a) because plaintiff owns property of the value of $800, and (b) because of the failure of plaintiff's attorney, who is employed on a contingent fee, to also show his inability to pay costs. (2) Because the plaintiff had in the state court previously prosecuted the same cause of action to trial and almost completion, at which time, he dismissed it as of non-suit, and since the Federal Employers Liability Law prohibits removal of such a case to a Federal Court when once filed in a state court, to allow plaintiff to bring the action here, in this form, would have the effect of permitting him to do indirectly that which could not be done directly, i. e., remove the case to this court. (3) That the alternative demand under the State Workmen's Compensation Law can not be maintained because one of the defendants, the Railroad Company, is a citizen of the same state (Louisiana) as plaintiff.

(1) The original motion to dismiss was filed July 31, 1946, and on October 4th following, it was supplemented with affidavits attached (a) by one A. D. Jones to the effect that he was familiar with the "19 acre tract of land owned by Dayton Jacobs * * * upon which the said * * * Jacobs resides * * * and that he is of the opinion that the property * * * with improvements thereon, is worth approximately $800"; (b) affidavit by W. T. Holloway, that he is one of the attorneys for defendant, reciting the progress of the case in the state court and its dismissal on May 17, 1946, to which is annexed certified copy of the minutes of the court therein. On October 7, 1946, there were also filed two certificates of the clerk of the state court, the first showing extant and uncancelled chattel mortgages by plaintiff recorded in the records of Bienville Parish, aggregating $1,213.50 and the second disclosing an uncancelled mortgage upon certain real estate in the sum of $450. Nothing further appears as to the value or availability of any assets upon which the plaintiff could rely to raise the necessary funds or provide security for the

payment of costs; nor is it shown whether he is a married man or otherwise entitled to claim a homestead under the state law in respect to any of this property. These offerings are not deemed sufficient to overcome the allegations of the complaint supported by oath of the petitioner to the effect that he "is without means to prosecute this case; that on account of his said injuries he has been unable to work and is heavily in debt and that he is unable to pay costs either present or future and neither is he able to give bond for the same * * *."

 It is not contended that plaintiff's counsel has agreed to pay costs of the litigation but it is conceded that his compensation as an attorney is dependent upon success. An agreement to pay costs would make the contract champertous and invalid under the common law. However, it is generally the law today that a valid contract may be made between attorney and client in which the former's fee is contingent upon success. See Words and Phrases, Perm.Ed., Vol. 6, p. 491, Verbo Champertous. If this were not the law, both federal and state statutes would often mean little to the poor litigant and many of them would find it impossible to maintain their suits, however meritorious, if counsel had to become responsible for costs. While it is true that some of the federal courts have held that the attorney who has a contingent interest in the cause of action, in those states where it is not prohibited by law, must establish his inability to pay costs also, it is my belief that the Court of Appeals for this circuit has and will hold to the contrary. In the case of United States ex rel. Payne v. Call, Judge, 5 Cir., 287 F. 520, 521, the late Judge Bryan, as organ of the court, said: "In the state of Florida the common law of England of a general nature is in force, unless it is inconsistent with the Constitution or the laws of the United States or of that state. The common-law offense of champerty is not inconsistent with any law of Florida, and therefore it exists in that state. *But we prefer to base our position upon the rule which prevails generally with reference to champertous contracts.* Champerty is the unlawful maintenance of a suit in consideration of some bargain to have a part of the thing in dispute or some profit out of it. If a contract provides that an attorney shall bear the costs of a suit, it is champertous, and is thereby rendered void. 5 R.C.L. 270, 276, 283. If, therefore, an attorney accepts employment upon a contingent fee and agrees to pay the costs, he has entered into a champertous contract. It may be that he can be punished for so doing; certainly he cannot enforce the contract against his client, who is thus placed in a position to get the benefit of the attorney's services without paying anything for them." (Emphasis by the writer of this opinion.)

In Quittner v. Motion Picture Producers & Distributors of America, 70 F.2d 331, 332, the Court of Appeals for the Second Circuit found that the state of New York had a statute which prohibited an attorney from agreeing to pay costs as part of the consideration for a contingent interest in a law suit. Nevertheless, after reviewing the jurisprudence of the federal courts, some of which was found to sustain and some to reject the contention made here, the Court of Appeals for the Second Circuit overruled the contention that an attorney had to make an affidavit of the nature claimed in the present case. The following is quoted from that decision:

"In Clark v. United States, D.C.W.D. Mo., 57 F.2d 214, in a well-reasoned opinion, it was held that a pauper affidavit by an attorney who represented the pauper on the contingent contract was unnecessary as a condition precedent to the prosecution of the action. We are in accord with the reasons set forth in that opinion.

"An attorney having a contingent interest in a litigation, as payment for his services, is in a different situation from one having a direct interest in the recovery. Attorney's services, in his professional capacity, are subject to the restrictions placed upon him by the rules of ethics of his profession. He may not or should not be permitted to do more than give his services upon the prospect of success. He should never be called upon nor promise to finance the litigation, either by paying the expenses or the printing charges. In New York State to do so would run counter to the statute declaring such conduct cham-

pertous. There is nothing in the statute which requires the attorney to make such an affidavit. The humane thought underlying the statute is to assist the poor and afford an opportunity to prosecute their just claims where, if they met the costs of litigation, it would be prohibitive. It would conflict with the phrase of the statute and surely with its spirit to say that not only must the litigant who sues show himself to be a pauper, but that his attorney must be found in the same category. The statute was intended for the benefit of those who are too poor to give security for costs; it was not intended to compel pauper lawyers to represent them; it is an affront to the dignity of the profession to think otherwise."

It is true, insofar as I have been able to find, that the Louisiana law does not prohibit a lawyer from paying or becoming responsible for costs of litigation. Neither does it require that he make affidavit of his property to permit his clients to sue without giving security for costs. However, a rule of this court adopted by the late Judge Jack, No. 27, does prohibit attorneys from signing bonds for their clients. I prefer to rest my holding that the attorney is not required to prove his inability to secure costs of his client, upon the principle that the poor litigant is entitled to representation of capable, ethical and responsible attorneys equally with clients who may be able to pay their fees, and I believe it is generally recognized that this class of lawyers will not agree to pay costs in taking a case on a contingent fee, as such agreements are generally recognized as champertous.

 (2) It is shown that the plaintiff was permitted to dismiss his case in the state court as of non-suit, which does not bar him from suing again there or elsewhere. The provision against removal, once the action is brought in a state court, is in derogation of a general right, where proper jurisdiction exists, and must be strictly construed. In fact, lis pendens does not lie as between state and federal courts, and a plaintiff may prosecute the same cause of action in both courts at the same time, subject only to the right of the parties to plead the judgment rendered first in one, as res judicata in the other court.

(3) The alleged facts and circumstances out of which the plaintiff claims recovery are the same under both statutes, the only difference being that, under the federal law, negligence must be shown and full damages are recoverable; whereas negligence or the lack of it makes no difference, but recovery is limited by the state statute. If the complaint has stated a lawful cause of action under the first and he should fail to sustain it with necessary proof, including his employment in interstate commerce at the time, then the question of his rights under the state act could properly be decided by this court. Having acquired jurisdiction because of the former issue, it would continue for decision of the latter. Siler v. Louisville & N. R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753; Greene et al. v. Louisville & Int. R. Co., 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280, Ann.Cas.1917E, 97.

The motion to dismiss should therefore be overruled.

Proper decree should be presented.