ELLIS, Judge.
On December 21, 1950 Dorris E. Harrell filed a damage suit against M. E. Rockett and W. E. Jordan, driver and owner, respectively, of a truck which was involved in an accident in which Harrell was injured. Plaintiff obtained an attachment on a truck and trailer under the nonresident attachment law of Louisiana. Answer was filed by both defendants, and General Motors Acceptance Corporation filed a petition of intervention and third opposition. This intervention was based upon two conditional sales contracts under which it claimed a superior lien and privilege against the property attached by the plaintiff.
On July 21, 1951 while this matter was pending before the District Court, plaintiff filed a civil action in the District Court of the United States, Eastern District of Louisiana, based upon the sáme cause of action and against the identical defendants in this suit, and upon December 3, 1951 he secured a judgment against the defendants but did not obtain any lien or privilege in his Federal Judgment.
On April 5, 1952, after the judgment obtained in the Federal Court had become executory, plaintiff filed an answer, to the intervention and third opposition in which he contended the lien and privilege of General Motors Acceptance Corporation was inferior in rank to his lien alleged to have been obtained by attachment in the present suit. By supplemental petition plaintiff had a rule issue directed against the Sheriff of the Parish of Livingston to show cause why the Sheriff should not turn over to him the proceeds of a Sheriff’s Sale of the truck and trailer, which had been held under a judgment obtained by General Motors Acceptance Corporation in.a proceeding against Jordan,-purchaser under the alleged conditional sales, being suit No. 5511 on the Docket of the 21st Judicial District Court, for the Parish of Livingston, which is presently on appeal before this Court.-
On April 28, 1952 plaintiff filed another amended and supplemental petition in this suit attaching a copy of the judgment he had obtained in the Federal Court, and obtained an order of executory process by which he attempted to seize the proceeds of the Sheriff’s sale in suit No. 5511, hereinabove mentioned, in which judgment had been rendered in -favor of General Motors Acceptance Corporation, recognizing its lien as priming all others.
■ General Motors Acceptance Corporation then filed an exception of res judicata grounded upon the fact that -Harrell had obtained a judgment in the Federal Court against the same defendants based upon the same grounds and founded upon the same cause - of action; that the judgment of the Federal Court was final as no -appeal had been taken and the time for- such had elapsed..
On June 13; 1952 the' District Court rendered judgment maintaining the exception of res judicata and dismissing plaintiff’s *672 suit at his cost, from which ,he has appealed.
The suit brought by plaintiff in the Federal Court was against the defendants herein and was for-personal injuries sustained by him in the same accident upon which he bases his claim in this suit. There was an identity of parties, of capacity, and of object.
Article 2286 of the LSA-Civil Code provides :
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
 While it is true that lis pendens does not lie as between State and Federal Courts since a plaintiff may ' prosecute the same cause of action against the same parties in both at the same time, yet the judgment rendered first can be plead as res judicata in the other Court. Jacobs v. North La. & Gr. Co., D.C., 1947, 69 F.Supp. 5. The correctness of a final judgment of a Federal Court upon the merits plead as res judicata cannot be questioned by a State Court, Lowry v. Erwin, 6 Rob. 192, 39 Am.Dec. 556.
The judgment obtained by plaintiff in the Federal Court gave him no lien or privilege, but since it was rendered first, on the same cause of action against the same defendants it can be plead as a bar to this suit.
Article 724 of the La.Code of Practice provides:
“Provisional seizures (attachments) and sequestration give no privilege to those who have made them, until they have obtained a judgment and order of execution on the property sequestered or provisionally seized.”
Since the Federal judgment disposed of the controversy between Harrell and Rock-ett, insofar as the liability was concerned, this suit wherein General Motors intervened should no longer be permitted to stand as it is res judicata and Harrell has no privilege whatsoever as he failed to prosecute to a successful conclusion the suit which gave rise to a possible privilege.
For the reasons hereinabove set. forth the judgment of- the District Court maintaining the exception of res judicata, dismissing plaintiff’s suit at his cost, is affirmed.
DORE, J., dissents: (No reasons given).